

# IBERVILLE PARISH
## *Clerk of Court*
### ⚜ Amy Matirne Patin ⚜

July 7, 2022

I, Brandy E. Foreman, Deputy Clerk of Court in and for the Parish of Iberville, State of Louisiana do hereby certify that the foregoing copy of Suit #81,599 B, Albertha Matthews versus Vanness Allen, et al is a true and correct complete copy of the original record filed herein.

Witness my hand and seal of this office this 7TH day of July, 2022.

Brandy E. Foreman
Deputy Clerk of Court
Iberville Parish



EXHIBIT
A

58050 Meriam Street ⚜ P.O. Box 423 ⚜ Plaquemine, Louisiana 70764 ⚜ Phone: (225) 687-5160 ⚜ Fax: (225) 687-5260



# IBERVILLE  PARISH
## *Clerk of Court*
### ⚜ Amy Matirne Patin ⚜

July 7, 2022

I, Brandy E. Foreman, Deputy Clerk of Court in and for the Parish of
Iberville, State of Louisiana do hereby certify that the foregoing copy of Suit
#81,599 B, Albertha Matthews versus Vanness Allen, et al is a true and
correct complete copy of the original record filed herein.

Witness my hand and seal of this office this 7TH day of July, 2022.

Brandy E. Foreman
Deputy Clerk of Court
Iberville Parish

Douglas K Foster
Attorney
doug@getgordon.com
O. 225-214-0643
F. 225-490-4515


**GORDON**
MCKERNAN INJURY ATTORNEYS

Joy Ruckman
Paralegal
joy@getgordon.com
O. 225-214-0644
F. 225-490-4515

*220 S. Burnside Ave., Gonzales LA 70737*

May 26, 2022

**Via Hand Delivery**
Clerk of Court, 18TH JDC
Iberville Parish

RE:     Albertha Matthews, et al versus Vanness Allen, et al
        New Suit; Clerk of Court, 18TH JDC - Iberville

Dear Clerk:

Please find enclosed Civil Cover Sheet, Petition for Damages with Request for Written Notice, Interrogatories and Request for Production of Documents in reference to the above captioned matter. Please file same into the court record and return a stamped copy to me via the courier. I have enclosed my firm's checks in the amount of $500.00 COC, $50.00 SOS and $80.88 EBRPSO to cover the cost of filing.

If you have any questions, please do not hesitate to give me a call.

With kind regards, I am

Sincerely yours,

Douglas K Foster
Gordon McKernan Injury Attorneys

DKF/jr

Enclosures

FILED
2022 MAY 26 P 3:03
IBERVILLE, LOUISIANA

*Please note to ensure proper delivery of any correspondence to Douglas K Foster, remit to the above listed address only.*

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Albertha Matthews and Chadrick Stepteau

vs.

Vanness Allen, Midstream Transportation Company and Hartford Fire Insurance Company

**Court:** 18th  JDC          **Docket Number:** 81,599 B

**Parish of Filing:** Iberville          **Filing Date:** 05/26/2022

**Name of Lead Petitioner's Attorney:** Douglas K. Foster

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2          **Number of named defendants:** 3

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [x] Auto: Personal Injury
- [ ] Auto: Wrongful Death
- [ ] Asbestos: Property Damage
- [ ] Product Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Wrongful Death
- [ ] Business Tort
- [ ] Defamation
- [ ] Environmental Tort
- [ ] Intellectual Property
- [ ] Legal Malpractice
- [ ] Other Professional Malpractice
- [ ] Maritime
- [ ] Wrongful Death
- [ ] General Negligence

- [ ] Auto: Property Damage
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Personal Injury/Death
- [ ] Premise Liability
- [ ] Intentional Property Damage
- [ ] Unfair Business Practice
- [ ] Fraud
- [ ] Professional Negligence
- [ ] Medical Malpractice
- [ ] Toxic Tort
- [ ] Other Tort (describe below)
- [ ] Redhibition
- [ ] Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

MVA on 06/08/2021. See Petition for Damages

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

**Name** Joy Ruckman          **Signature** _Joy Ruckman_

**Address** 5656 Hilton Ave Baton Rouge, LA 70808

**Phone number:** 225-214-0644          **E-mail address:** joy@getgordon.com

ALBERTHA MATTHEWS AND                    DOCKET NO.: 81599      SEC: B
CHADRICK STEPTEAU

VERSUS                                   18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM                 PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                                  STATE OF LOUISIANA

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel comes Petitioners, **ALBERTHA**

**MATTHEWS AND CHADRICK STEPTEAU**, persons of the full age of majority who are

domiciled in Iberville Parish, State of Louisiana who respectfully represents as follows:

1.

Made defendants herein are:

A.    **VANNESS ALLEN**, a person of the lawful age of majority, domiciled in Harris
      County, State of Texas, and who can be served through Louisiana Long Arm
      Statute at his residence, 4703 Edmund Street, Houston, Texas 77020.

B.    **MIDSTREAM TRANSPORTATION COMPANY.**, upon information and
      belief, a foreign corporation authorized to do business in Louisiana, and who can
      be served with process, via its registered agent, Acadian Business Services Corp.,
      8550 United Plaza Blvd., Suite 702, Baton Rouge, Louisiana 70809; and

C.    **HARTFORD FIRE INSURANCE COMPANY** a foreign insurance company
      domiciled in Connecticut that is authorized to do and doing business in the State
      of Louisiana and can be served through its agent of service of process, Louisiana
      Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

2.

In accordance with Article 74 of the Louisiana Code of Civil Procedure, venue is proper

in Iberville Parish, Louisiana as the incident giving rise to the petition occurred there.

3

The Defendants are justly and truly liable, jointly, severally, and *in solido*, to the

Petitioner for damages, injuries, and losses which they sustained, together with legal interest

from the date of judicial demand and all costs of these proceedings, for the reasons described

herein.

4.

On or about June 8, 2021, at approximately 4:40 a.m., **ALBERTHA MATTHEWS** was operating a 2017 Nissan Versa and **CHADRICK STEPTEAU** was a guest passenger in the 2017 Nissan Versa. Petitioners were traveling northbound on LA 75 in Iberville Parish, Louisiana, within the jurisdictional limits of this Court.

5.

At the same time and on the same roadway, **VANNESS ALLEN** was operating a 2013 Kenworth tractor tanker, owned by, **MIDSTREAM TRANSPORTATION COMPANY,** and was making a left turn from a private driveway in Iberville Parish, Louisiana, within the jurisdictional limits of this Court.

6.

Suddenly, negligently and without warning, the 2013 Kenworth tractor tanker operated by **VANNESS ALLEN** and owned by **MIDSTREAM TRANSPORTATION COMPANY** caused a violent collision between the two vehicles resulting in injuries, damages, and losses to **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU.**

7.

At all times pertinent hereto, **ALBERTHA MATTHEWS** was operating her vehicle in a safe manner and with due prudence. In no way did Petitioner contribute to or cause the wreck.

8.

As a result of the above-described collision, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU** sustained personal injuries.

9.

Petitioners show that their injuries and damages were substantially and proximately caused by the fault and negligent acts and/or omissions of Defendant, **VANNESS ALLEN,** in the following, non-exclusive particulars, including but not limited to:

A.    Failing to see what he should have seen, and if having seen, in failing to heed;

B.    Failing to maintain control of his vehicle;

C.    Failing to yield;

D.    Failing to keep a proper look out;

E.    Failing to brake or slow the vehicle;

F.    Violating the traffic laws of the State of Louisiana; and

G.    Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure, including violations of state and city traffic regulations and ordinances.

10.

In addition to the negligence alleged heretofore, petitioners alleges that a substantial cause of the above-described accident was the fault and/or negligence of **MIDSTREAM TRANSPORTATION COMPANY,** which is described in part but not exclusively as follows:

A.    In failing to provide proper driver training;

B.    In failing to employ a safe and competent driver;

C.    In failing to properly supervise and instruct its drivers; and

D.    Any and all acts of negligence, omissions, and/or legal fault which constitute a violation of the emergency vehicles exception and shown at the time of this trial to be a proximate cause of petitioner's injuries, damages, or losses

11.

Upon information and belief at all times material hereto, defendant, **VANNESS ALLEN,** was employed by and in the course and scope of his employment with defendant, **MIDSTREAM TRANSPORTATION COMPANY,** thereby rendering defendant, **MIDSTREAM TRANSPORTATION COMPANY,** liable unto plaintiffs under the theory of *respondeat superior.*

12..

As a result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** in causing the aforementioned accident, **ALBERTHA MATTHEWS,** suffered the following non-exclusive injuries:

A.    Neck injury;

B.    Back injury;

C.    Shoulder injury;

D.    Right Knee injury; and

E.    Other injuries, which will be more fully shown at the trial of this matter.

13.

As a direct and proximate result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** in causing the aforementioned collision, Petitioner, **ALBERTHA MATTHEWS,** has suffered and will continue to suffer the following:

a.    Physical pain and suffering – past, present, and future;

b.    Mental pain and suffering – past, present, and future;

c.    Loss of enjoyment of life – past, present, and future;

d.    Loss of wages and wage earning capacity – past, present, and future;

e.    Medical expenses – past, present, and future; and

f.    Any and all damages which shall be proven at the trial of this matter.

14.

As a result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** in causing the aforementioned accident, **CHADRICK STEPTEAU,** suffered the following non-exclusive injuries:

A.    Back injury;

B.    Neck injury;

C.    Head/Headaches; and

D.    Other injuries, which will be more fully shown at the trial of this matter.

15.

As a direct and proximate result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** in causing the aforementioned collision, Petitioner, **CHADRICK STEPTEAU,** has suffered and will continue to suffer the following:

a.    Physical pain and suffering – past, present, and future;

b.    Mental pain and suffering – past, present, and future;

c.    Loss of enjoyment of life – past, present, and future;

4

d.      Loss of wages and wage earning capacity – past, present, and future;

e.      Medical expenses – past, present, and future; and

f.      Any and all damages which shall be proven at the trial of this matter.

16.

Petitioners aver that **MIDTREAM TRANSPORTATION COMPANY** is vicariously liable for the above-described conduct, negligence and fault of **VANNESS ALLEN** pursuant to LSA-C.C. art. 2320.

17.

Defendant, **MIDTREAM TRANSPORTATION COMPANY** is vicariously liable for the aforementioned fault, incompetence and negligence of **VANNESS ALLEN** under LSA-C.C. art. 2317.

18.

Upon reasonable information and belief, at all times pertinent hereto, Defendant, **HARTFORD FIRE INSURANCE COMPANY,** had in full force and effect a policy of comprehensive automobile liability insurance and/or excessive liability insurance, providing insurance coverage to Defendants **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** which insurance inures to the benefit of the Petitioners for the damages complained of herein under the provisions of the Direct Action Statute, Louisiana Revised Statutes 22:1269.

19.

Petitioner are entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

**WHEREFORE,** Petitioners, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU,** prays that Defendants, **VANNESS ALLEN, MIDSTREAM TRANSPORTATION COMPANY, HARTFORD FIRE INSURANCE COMPANY** be duly cited and served with a copy of this petition, to appear and answer same and, after all due proceedings had and the lapse of all legal delays, that there be a judgment herein in favor of Petitioner and against all the Defendants jointly, severally, and *in solido* in a full and true sum

5

calculated to compensate Petitioner for the damages complained of herein, together with legal

interest thereon from date of judicial demand until paid, for all costs of these proceedings, and

for all general and equitable relief.

Respectfully Submitted By:

**GORDON McKERNAN INJURY ATTORNEYS**

**DOUGLAS K FOSTER** (#28909)
220 S. Burnside Ave.
Gonzales, LA 70737
Telephone: (225) 214-0644
Facsimile: (225) 490-4515
*Attorney for ALBERTHA MATTHEWS AND*
*CHADRICK STEPTEAU*

**PLEASE SERVE:**

**VANNESS ALLEN**
THROUGH THE NON-RESIDENT MOTORIST ACT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809

**VANNESS ALLEN**
*THROUGH THE LOUSIANA LONG ARM STATUTE*
*4703 EDMUND STREET*
*HOUSTON, TEXAS 77020*

**MIDSTREAM TRANSPORTATION COMPANY**
*THROUGH ITS AGENT OF SERVICE OF PROCESS:*
ACADIAN BUSINESS SERVICES CORP.
8550 UNITED PLAZA BLVD
BATON ROUGE, LOUISIANA 70809

**HARTFORD FIRE INSURANCE COMPANY**
*THROUGH ITS AGENT OF SERVICE OF PROCESS:*
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809



| | |
|---|---|
| **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU** | **DOCKET NO.:          SEC:** |
| **VERSUS** | **18TH JUDICIAL DISTRICT COURT** |
| **VANNESS ALLEN, MIDSTREAM TRANSPORTATION COMPANY AND HARTFORD FIRE INSURANCE COMPANY** | **PARISH OF IBERVILLE**<br><br>**STATE OF LOUISIANA** |

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, Douglas Foster, Gordon McKernan Injury Attorneys, as counsel for Plaintiffs, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU**, in the above captioned matter, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exception, rules, or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediately notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment. This request for notice is made with full reservation of all rights, and we thank you for your customary courtesy and cooperation.

Respectfully Submitted,

**GORDON McKERNAN INJURY ATTORNEYS**

**DOUGLAS K. FOSTER (#28909)**
220 S. Burnside Ave.
Gonzales, Louisiana 70737
Telephone: (225) 214-0643
Fax: (225) 490-4515
Email: doug@getgordon.com

FILED

2022 MAY 26 P 3: 04

IBERVILLE LOUISIANA

7

ALBERTHA MATTHEWS AND                    DOCKET NO.:              SEC:
CHADRICK STEPTEAU

VERSUS                                   18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM                 PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                                  STATE OF LOUISIANA

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS,
HARTFORD FIRE INSURANCE COMPANY**

TO:    HARTFORD FIRE INSURANCE COMPANY

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately, fully,
in writing and under oath, Plaintiffs' First set of Interrogatories and Request for Production of
Documents attached to this notice and served herewith, and to serve your answers to these Interrogatories
and Request for Production of Documents on Douglas K. Foster, Gordon McKernan Injury Attorneys,
220 S. Burnside Avenue, Gonzales, Louisiana 70737, within thirty (30) days from service hereof, all as
provided by the Louisiana Code of Civil Procedure.

Note:  Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery
item, then defendant should do so without an objection and serve your answers to these Interrogatories
and Request for Production of Documents on Gordon McKernan Injury Attorneys, 220 S. Burnside
Avenue, Gonzales, Louisiana 70737 within thirty (30) days from service hereof, all as provided by the
Louisiana Code of Civil Procedure Article 1428, these interrogatories and requests for production of
documents are deemed to be continuing, and supplementation of all responses is requested as information
changes and/or becomes available.  Conversely, if defendant believes that the request is objectionable,
plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable,
but also specify the details on how it is objectionable.  Plaintiff(s) believes that it may be improper when
defendant answers a discovery item with an objection and also supplies requested information.  The
reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether
defendant has produced all of the information that is potentially responsive to the discovery request;
therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure
protected by an objection.

DEFINITION AND INSTRUCTIONS

A.  "YOU" refers to the person to whom these interrogatories are being directed, his agents and attorneys.

B.  "DATE IN QUESTION" refers to on or about June 8, 2021.

C. "INCIDENT IN QUESTION" refers to the collision on June 8, 2021, involving ALBERTHA MATTHEWS AND VANNESS ALLEN.

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY": In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-Rom's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

## INTERROGATORIES

### INTERROGATORY NUMBER 1:

Please identify the name and title of the person answering these interrogatories.

### INTERROGATORY NUMBER 2:

State the last known name and address of the following persons:

    a:    all persons that this defendant believes or has been informed witnessed the collision in question in which plaintiff(s) was injured.

    b:    all persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

### INTERROGATORY NUMBER 3:

Identify the following for each person whom you expect to call or may call as an expert witness, and with respect to each person so identified, state:

    a)    the name and business address of the expert;

    b)    the field of designation of the expert;

    c)    the subject matter on which the expert is expected to testify;

d)      the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert; and

d)      any and all opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal, or expert witness.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you may introduce at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please state whether you, your client, or any agent/representative of you or your client have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the collision made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone number of the person(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NUMBER 8:**

Please state the names and addresses of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the collision made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 9:**

Please describe to the best of your knowledge how the collision sued upon herein occurred.

**INTERROGATORY NUMBER 10:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 11:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NUMBER 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involve plaintiff.

**INTERROGATORY NUMBER 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff prior to the incident in question.

**INTERROGATORY NUMBER 16:**

If any eye witness (including police or emergency personnel) or other person(s) made any statement relative to the collision or the plaintiff at the scene of the collision or any time thereafter, please identify that person(s) and describe in detail the substance of the statement.

**INTERROGATORY NUMBER 17:**

What was the total amount of property damage to the insured vehicle and who repaired it?

**INTERROGATORY NUMBER 18:**

Please indicate the make and model of the insured vehicle(s), their present location, and ownership. This interrogatory is specifically aimed at the tractor AND the trailer. Also, please indicate if you will voluntarily permit Plaintiffs' accident reconstruction expert to inspect said vehicles.

**INTERROGATORY NUMBER 19:**

List any and all traffic violations received by VANNESS ALLEN as a result of the accident and disposition of each.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff(s) concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all photographs, dashboard camera video and/or videotapes taken in connection with the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for any defendant(s), which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant and is expected to testify at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 9:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you expect to call to testify at trial.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any testifying expert.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all medical reports and/or records in your possession concerning Plaintiff(s).

**REQUEST FOR PRODUCTION NO. 13:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding plaintiff.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all employment records regarding plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all reservations of rights signed by this defendant and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents on prior claims and/or lawsuits of plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents on prior claims and/or lawsuits of any plaintiff involved in the subject litigation.

**REQUEST FOR PRODUCTION NO. 21:**

A copy of the repair invoices for any repairs made to any vehicle as a result of this collision.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all information which can be downloaded from OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for this driver, truck, and trailer. If this information has not been downloaded, please advise if you will voluntarily permit plaintiffs to download said information.

**REQUEST FOR PRODUCTION NO. 23:**

Any computer data from the tractor or trailer to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, Hours of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

Respectfully Submitted,

GORDON MCKERNAN INJURY ATTORNEYS

Douglas K. Foster (#28909)
220 S. Burnside Avenue
Gonzales, Louisiana 70737
(225) 214-0643
(225) 490-4515 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing documents have been served upon all known counsel of record by electronic mail and/or facsimile and/or U. S. Mail, postage prepaid and properly addressed on this 26th day of May 2022.

Douglas K. Foster

| | |
|---|---|
| **ALBERTHA MATTHEWS AND**<br>**CHADRICK STEPTEAU** | **DOCKET NO.:**      **SEC:** |
| **VERSUS** | **18**TH  **JUDICIAL DISTRICT COURT** |
| **VANNESS ALLEN, MIDSTREAM**<br>**TRANSPORTATION COMPANY**<br>**AND HARTFORD FIRE INSURANCE**<br>**COMPANY** | **PARISH OF IBERVILLE**<br><br>**STATE OF LOUISIANA** |

## <u>VERIFICATION</u>

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of HARTFORD FIRE

INSURANCE COMPANY, defendant in the above captioned matter, who after being duly sworn

did state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the best of

his/her knowledge, information and belief.


_____

HARTFORD FIRE INSURANCE COMPANY


Sworn to and subscribed before me, Notary Public, on this _____ day of _____, 2022.


_____

NOTARY PUBLIC

| ALBERTHA MATTHEWS AND CHADRICK STEPTEAU | DOCKET NO.: | SEC: |
| --- | --- | --- |

VERSUS              18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM      PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                  STATE OF LOUISIANA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, VANNESS ALLEN

TO:    VANNESS ALLEN

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiffs' First set of Interrogatories and Request for Production of Documents attached to this notice and served herewith, and to serve your answers to these Interrogatories on Douglas K. Foster, Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

Note:   Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection and serve your answers to these Interrogatories on Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737 within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure Article 1428, these interrogatories and requests for production of documents are deemed to be continuing, and supplementation of all responses is requested as information changes and/or becomes available. Conversely, if defendant believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information. The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

DEFINITION AND INSTRUCTIONS

A. "YOU" refers to the person to whom these interrogatories are being directed, his agents and attorneys.

B. "DATE IN QUESTION" refers to on or about June 8, 2021.

C. "INCIDENT IN QUESTION" refers to the collision on June 8, 2021, involving Albertha Matthews and Vanness Allen

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY": In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and telephone number. With respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-Rom's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.


## INTERROGATORIES

**INTERROGATORY NUMBER 1:**

Please identify the name and title of the person answering these interrogatories.

**INTERROGATORY NUMBER 2:**

State the last known name and address of the following persons:

    a:    all persons that this defendant believes or has been informed witnessed the collision in question.

    b:    all persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NUMBER 3:**

Identify the following for each person whom you have consulted with, expect to call or may call as an expert witness, and with respect to each person so identified, state:

a)    the name and business address of the expert.

b)    the field of designation of the expert.

c)    the subject matter on which the expert is expected to testify.

d)    the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

e)    list of all of the information which has been provided to the expert;

f)    any and all opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal or expert witness.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please list the name, address, and phone number of the person(s) and/or entity(s) who have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the collision made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

Please state the names and addresses of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the collision made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 8:**

Please describe to the best of your knowledge how the collision sued upon herein occurred.

**INTERROGATORY NUMBER 9:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts

of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 10:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 11:**

Please describe your employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NUMBER 12:**

Please provide the following:

(a)    current home address and telephone number;
(b)    driver's license number and State of issue;
(c)    social security number; and,
(d)    place of employment, employer's address and employer's telephone number.

**INTERROGATORY NUMBER 13:**

Please state, in detail, where you were traveling to/from on the date of the collision.

**INTERROGATORY NO. 14:**

Have you ever had your motor and/or commercial vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities?  If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NO. 15:**

Describe any and all criminal arrests and/or charges you have received, including the nature of the charge, date and disposition of each offense.

**INTERROGATORY NO. 16:**

Please state whether you have been involved in any motor vehicle collision(s) within the last ten (10) years?  If so, give details as to where and when such collision(s) occurred.

**INTERROGATORY NO. 17:**

Please list all traffic tickets/citations received by you within the last ten (10) years.

**INTERROGATORY NO. 18:**

Please list and describe if you currently suffer, or have ever suffered from the following conditions:

a)     loss of limb, impairment of hand(s) or finger(s), limb defect(s) or limb limitations of any nature;

b)     any past and/or present medical history or clinical diagnosis of diabetes requiring insulin treatment;

c)     any past and/or present diagnosis of any cardiovascular or respiratory disease or symptom;

d)     any past and/or present symptom or diagnosis of high blood pressure;

e)     any past and/or present symptom or diagnosis of any orthopaedic, neuromuscular or vascular diseases;

f)     any past or present symptom or diagnosis of epilepsy or any instance of seizure;

g)     any past and/or present symptom or diagnosis of any psychiatric, mental or nervous disorder;

h)     any past and/or present symptom or diagnosis of alcoholism or alcohol abuse; and,

i)     any past and/or present symptom of hearing impairment.

**INTERROGATORY NO. 19:**

Please state whether you have ever been prescribed any corrective vision lenses.  If so, state the name, address and telephone number of the examiner for your last eye examination as well as the date of such eye examination, and the measure of your visual acuity both uncorrected and corrected.

**INTERROGATORY NO. 20**

Please list all prescriptions medications, whether you were taking the medication or not, which you held a prescription for on the date of the sued upon collision.

**INTERROGATORY NO. 21:**

Please state whether you had consumed any alcoholic beverage or any type of drug (prescription or otherwise) within 24 hours of the collision in question.   Identify the substance/product, the time, date and amount of consumption.

**INTERROGATORY NO. 22:**

Please provide the phone number to all cell phones that were in your possession on the date of the sued upon collision, as well as the name of the cellular carrier.

**INTERROGATORY NO. 23:**

Please provide the name, address, and phone number of all persons who were passengers in your vehicle at the time of the sued upon collision.

**INTERROGATORY NO. 24:**

Please provide any and all information of which you are aware that details the nature of your employment, affiliation or contractual obligation with Midstream Transportation Company.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all photographs and/or videotapes taken in connection with the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for VANNESS ALLEN, which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 9:**

True and complete copies of all notes, memorandums, documents, photographs, correspondence, and/or reports that were provided to any expert witness AND any notes, memorandums, documents, photographs, correspondence and/or reports prepared by any expert witnesses.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any expert whom you may call to testify at trial.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all exhibits which you may introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all medical reports and/or records in your possession concerning plaintiff, including any reports generated in connection with the plaintiff undergoing a DME.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all pre-employment physical examinations, for any time preceding the date of this collision concerning plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all employment records regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all indemnification agreements between VANNESS ALLEN and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all reservations of rights signed by VANNESS ALLEN and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents on prior claims and/or lawsuits of plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

True and complete copies of all photographs of the vehicles involved in the subject collision, taken both before and after the collision.

**REQUEST FOR PRODUCTION NO. 21:**

A copy of any damage appraisal made on any vehicle involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 22:**

A copy of all repair invoices of the vehicles involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 23:**

True and complete copies of all drawings, maps, and/or sketches of the scene of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 24:**

Please sign and return the attached Authorization for Release of Employment Records.

**REQUEST FOR PRODUCTION NO. 25:**

Please sign and return the attached Authorization for Release of Protected Health Information. This request for production is made in order to verify compliance with the Federal Motor Carrier Safety Regulations.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all documents received in response to a subpoena.

Respectfully Submitted,

**GORDON MCKERNAN INJURY ATTORNEY**

Douglas K. Foster (#28909)
220 S. Burnside Avenue
Gonzales, Louisiana 70737
(225) 214-0643 Direct
(225) 490-4515 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing documents have been served upon all known counsel of record by electronic mail, facsimile or U. S. Mail, postage prepaid and properly addressed on this 26th day of May, 2022.

Douglas K. Foster

ALBERTHA MATTHEWS AND
CHADRICK STEPTEAU

DOCKET NO.:          SEC:

VERSUS

18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY

PARISH OF IBERVILLE

STATE OF LOUISIANA

## VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

    BEFORE ME the undersigned notary public, personally came and appeared

VANNESS ALLEN, defendant in the above captioned matter, who after being duly sworn did

state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the

best of his/her knowledge, information and belief.


_____
VANNESS ALLEN


Sworn to and subscribed before me, Notary Public, on this ____ day of _____, 2022.


_____
NOTARY PUBLIC

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION
### (PHI)

| PATIENT NAME: **VANNESS ALLEN** | | DOB | |
|---|---|---|---|
| ADDRESS: | | SSN: | |
| CITY | STATE | | ZIP |

| PROVIDER AUTHORIZED TO RELEASE THE PHI: | Entity Receiving PHI: |
|---|---|
| | NAME:  **Gordon McKernan Injury Attorneys** |
| | ADDRESS: **220 S. Burnside Avenue** |
| | CITY: **Gonzales** — STATE: **LA**  ZIP: **70737** |
| | ATTENTION: |

This authorization will expire on the following date or event:
Date:                          Event:

Purpose of this Disclosure:     Legal

**PHI AND DATES OF PHI AUTHORIZED FOR USE OR DISCLOSURE**

| Description | Start Date | End Date |
|---|---|---|
| O **All PHI records** | | |
| O Progress Notes | | |
| O Laboratory Tests | | |
| O X-Ray Tests / Reports | | |
| O History and Physical Examination | | |
| O Discharge Summary | | |
| O Consultation Reports | | |
| O Itemized Billing Statement | | |
| O Other | | |

The following information will be released when included in the above information unless you indicate otherwise:
[ ] AIDS or HIV test results        [ ] Psychiatric or mental care / treatment
[ ] Alcohol, drug or substance abuse treatment        [ ] Other (specify):

I understand that:

1. I may refuse to sign this authorization and it is strictly voluntary.
2. My treatment, payment, enrollment or eligibility for benefits may not be conditioned on signing this authorization.
3. I may revoke this authorization at any time in writing to the provider authorized to release the protected health information, but if I do, it will not have any affect on any actions taken prior to receiving the revocation.
4. *If the requester or receiver is not a health plan or health care provider, the released information may no longer be* protected by federal privacy regulations and may be disclosed.
5. I have the right to receive a copy of this form after I sign it.
6. **It is requested that you preserve the confidentiality of the physician/patient relationship and that you <u>not release records to anyone other than Gordon McKernan Injury Attorneys</u> without a valid authorization from me.**
7. It is requested that you preserve the confidentiality of the physician/patient relationship and <u>not discuss my medical treatment</u> or                                        any information in my medical records with anyone, unless I or a representative

| Signature of Patient: | Date: |
|---|---|
| Signature of Patient's Representative (if necessary): | Date: |
| Representative's Relationship to Patient: | **A COPY MAY BE USED IN LIEU OF ORIGINAL** |

# AUTHORIZATION FOR RELEASE
## OF EMPLOYMENT RECORDS

TO:

RE: VANNESS ALLEN
Date of Birth:

I, VANNESS ALLEN, authorize the release of any and all documents or records held by you relating to my employment, including but not limited to, the following:  any and all personnel information and records, pre-employment examinations, drug and/or alcohol testing/screens, physicals, job description, work history, evaluation, work performance, resignation, disciplinary or termination information, attendance records, wage and hour records or records pertaining to compensation for labor or services, personnel records, records concerning workers' compensation claims, illness and disability, leave of absence, any health or accident claims, any medical or insurance records concerning any physical disability and any and all other such employment records to **Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737**, upon presentation of this authorization or any exact photocopy thereof.  This will further serve as authorization to permit photocopying of any employment records requested by said law firm, at its expense.

A photocopy of this authorization can serve as an original at any time.

Dated: _____          _____
                              VANNESS ALLEN

ALBERTHA MATTHEWS AND                    DOCKET NO.:           SEC:
CHADRICK STEPTEAU

VERSUS                                   18ᵀᴴ JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM                 PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                                  STATE OF LOUISIANA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS, MIDSTEAM TRANSPORTATION

TO:   MIDSTREAM TRANSPORTATION COMPANY


**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiffs' First set of Interrogatories and Request for Production of Documents attached to this notice and served herewith, and to serve your answers to these Interrogatories and Request for Production of Documents on Douglas K. Foster, 220 S. Burnside Avenue, Gonzales, Louisiana 70737, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

**Note:** Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection. Conversely, if defendant believes that the request is objectionable, plaintiff requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable. Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information. The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

## DEFINITION AND INSTRUCTIONS

A. "YOU" refers to the person or entities to whom these interrogatories are being directed, his/their agents and attorneys.

B. "DATE IN QUESTION" refers to on or about June 8, 2021.

C. "INCIDENT IN QUESTION" refers to the collision involving ALBERTHA MATTHEWS AND VANNESS ALLEN on or about June 8, 2021.

D. "AREA IN QUESTION" refers to the proximate location of the incident in question.

E. "IDENTIFY": In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and

telephone number. With respect to <u>documents or things</u>, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "PERSON OR PERSONS" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "DOCUMENTS AND TANGIBLE THINGS" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-Rom's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. REFERENCE TO DOCUMENTS: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. COMPUTER BASED INFORMATION: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. SUPPLEMENTATION: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. DESIGNATED TIME PERIOD: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify the name and title of the person answering these interrogatories.

**INTERROGATORY NO. 2:**

State the last known name and address of the following persons:

a. All persons that this defendant believes or has been informed witnessed the collision in question.

b. All persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

**INTERROGATORY NO. 3:**

Identify the following for each person whom you have consulted with or expect to call or may call as an expert witness, and with respect to each person so identified, state:

a. The name and business address of the expert.

b. The field of designation of the expert.

c. The subject matter on which the expert is expected to testify.

d. The facts known to the expert (regardless of when the factual information was acquired) which related to or form the basis of the mental impressions and opinions held by the expert.

e. Any and all opinions held by the expert.

**INTERROGATORY NO. 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal or expert witness.

**INTERROGATORY NO. 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NO. 6:**

Please state whether you, your client, or an agent/representative of you or your client have conducted or attempted to conduct any surveillance on plaintiff on or since the date of the collision made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NO. 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone number of the person(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NO. 8:**

Please state the names and address of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the collision made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NO. 9:**

Please describe to the best of your knowledge how the collision sued upon herein occurred.

**INTERROGATORY NO. 10:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO. 11:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO. 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NO. 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request of production and plaintiff specifically asks that the answering party not refer to the answer of this interrogatory to the declaration sheet or policy attached to any request for production responses.)**

**INTERROGATORY NO. 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involved VANNESS ALLEN.

**INTERROGATORY NO. 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff prior to the incident in question.

**INTERROGATORY NO. 16:**

Please list the names and addresses of all places of employment in which VANNESS ALLEN worked for a period of ten (10) years prior to the collision in question.

**INTERROGATORY NO. 17:**

Please provide the following for defendant, VANNESS ALLEN:

a. Current home address and telephone number;
b. Current physical address;
c. Driver's license number and State of issue;
d. Social security number; and,
e. Place of employment, employer's address and employer's telephone number.

**INTERROGATORY NO. 18:**

Please state, in detail, where VANNESS ALLEN was traveling to/from on the date of incident.

**INTERROGATORY NO. 19:**

Has VANNESS ALLEN ever had his motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities? If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NO. 20:**

Please state whether VANNESS ALLEN was self-employed or subcontracted and your employer/employee relationship.

**INTERROGATORY NO. 21:**

Please state whether VANNESS ALLEN was driving alone or with a co-driver at the time of the subject collision.

**INTERROGATORY NO. 22:**

Please state whether VANNESS ALLEN has been involved in any motor vehicle collision(s) within the last five (5) years? If so, give details as to where and when such collision(s) occurred.

**INTERROGATORY NO. 23:**

Please describe VANNESS ALLEN's employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NO. 24:**

Please list all traffic tickets received by VANNESS ALLEN within the last five (5) years.

**INTERROGATORY NO. 25:**

Please list the dates of any and all DOT inspections/audits, which have been performed on MIDSTREAM TRANSPORTATION COMPANY in the last 10 years and the results of same.

**INTERROGATORY NO. 26:**

Please provide the name, address and phone number for your company safety director.

**INTERROGATORY NO. 27:**

How many times in the past 5 years has MIDSTREAM TRANSPORTATION COMPANY received a fine from the Federal Motor Carrier Safety Administration? Why were the fine(s) issued? What is the current disposition of the fine(s)?

**INTERROGATORY NO. 28:**

Please describe with specificity the maintenance schedule for trucks operated by employees and/or contractors under the direction of MIDSTREAM TRANSPORTATION COMPANY.

# REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit. This request specifically includes the

MIDSTREAM TRANSPORTATION COMPANY collision/incident report made in connection with the incident.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of all photographs, video, computer generated media, or any other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or of any equipment or things that were located at or near the site of the occurrence.

**REQUEST FOR PRODUCTION NO. 5:**

True and complete copies of all photographs of the tractor and trailer involved in the subject collision, taken both before and after the collision.

**REQUEST FOR PRODUCTION NO. 6:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for MIDSTREAM TRANSPORTATION COMPANY, which were in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 7:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, color photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who have been consulted as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 10:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you have consulted with and/or may call to testify at trial.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any expert whom you may call to testify at trial.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all exhibits which you may introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all medical reports and/or records in your possession concerning, Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all medical records from any physician, clinic, hospital, or other healthcare provider that has rendered medical treatment in the last ten (10) years to VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all pre-employment physical examinations, for any time preceding the date of this collision concerning VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all employment records regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce a copy of VANNESS ALLEN's complete driver qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

a)      Application for employment

b)      CDL license

c)      Driver's certification of prior traffic violations

d)      Driver's certification of prior collisions

e)      Driver's employment history

f)      Pre-employment MVR

g)      Annual MVR

h)      Annual review of driver history

i)      Certification of road test

j)      Medical examiner's certificate

k)      HAZMAT or other training documents

l)      All drug and alcohol testing records of the driver

m)      All inquiries and responses regarding the driver's employment history

**REQUEST FOR PRODUCTION NO. 19:**

The complete personnel file on VANNESS ALLEN, including but not limited to:

a)      Records of any criminal convictions;

b)      Records of all traffic tickets, traffic warnings, traffic citations or traffic charges;

c)      Results of any drug examination or screening of VANNESS ALLEN;

d)      All disciplinary or infraction records on VANNESS ALLEN;

e)      All pre-employment examinations of VANNESS ALLEN , both physical and mental;

f)      A copy of any contract of employment or any document that would govern any relationship with any party or bear on the issue of employment;

g)      Any other documents, records or other information relating to the employment-relationship between MIDSTREAM TRANSPORTATION COMPANY and VANNESS ALLEN; and

h)      Any other records indicating any past wrecks involving VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all indemnification agreements between MIDSTREAM TRANSPORTATION COMPANY and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff(s).

**REQUEST FOR PRODUCTION NO. 21:**

Any and all reservations of rights received by MIDSTREAM TRANSPORTATION COMPANY and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents on prior claims and/or lawsuits of VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce copies of any and all records reflecting the following:

a.    Make, model, year, and registration of the tractor and trailer in question; and
b.    Name and address of the owner of the tractor and trailer in question (both as of the date of the collision and today's date).

**REQUEST FOR PRODUCTION NO. 25:**

A copy of all damage appraisals made on the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO. 26:**

A copy of all repair invoices of the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO. 27:**

True and complete copies of all drawings, maps, and/or sketches of the scene of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all rules, regulations, and guidelines pertaining to driving for employees of MIDSTREAM TRANSPORTATION COMPANY which were in effect at the time of the collision.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce a copy of any driver manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any and all manuals, procedures, guidelines, rules, safety tips, advisories, safety training, documents, drawings, writings, notes and/or memorandums concerning MIDSTREAM TRANSPORTATION COMPANY training, supervision, instruction, or discipline of its drivers at the time of the collision.

**REQUEST FOR PRODUCTION NO. 31:**

A copy of any document retention policy (which specifically includes electronically stored information) of MIDSTREAM TRANSPORTATION COMPANY regarding employment history, drug screens/physicals, medical records, MDT data, RiskMaster, driving logs, trips, tickets, collisions, employee reprimands and lawsuits or claims made against a driver, including VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce a copy of all written policies and procedures pertaining to disciplinary action applicable to any driver found to be at fault in an collision or issued a moving violation while on duty with your company.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce a copy of all written policies and procedures utilized by you to investigate vehicular collisions involving your on-duty employees/drivers.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce a copy of VANNESS ALLEN's post-collision alcohol and drug testing results.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce a copy of all documents you were required by State or Federal law to maintain in the vehicle involved in the subject collision, including, but not limited to logs, medical examiners certificate, driver's license and any other required license(s), registration, proof of insurance, etc.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce a copy of all bills of lading for any shipments transported by VANNESS ALLEN and/or co-driver, for the day of the collision and the thirty (30) day period preceding the collision.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce a copy of any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a copy of the front and back of VANNESS ALLEN's daily logs and his co-driver's logs (if any) for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party. This specifically includes any electric on board computers (MDT, Legacy Systems, AOBRD's, EOBR's, etc...) and the audit trail for those entries.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce a copy of all existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the sued upon collision, to include all existing daily inspection reports for the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce a copy of all existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce a copy of all annual inspection reports for the tractor and trailer involved in the subject collision, covering the date of the collision.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce a copy of any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce a copy of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce a copy of all letters, reports, and written material from a government entity involving safety, and safety ratings for MIDSTREAM TRANSPORTATION COMPANY and VANNESS ALLEN to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on MIDSTREAM TRANSPORTATION COMPANY or VANNESS ALLEN pursuant to SAFER System or CSA 2010. The request is limited to one (1) year prior to the wreck and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the wreck.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce a copy of all lease contracts or agreements covering VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce a copy of any interchange agreements regarding the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce a copy of any DOT or PSC reports, memos, notes or correspondence concerning VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce a copy of any reports, memos, notes, logs or other documents evidencing complaints about VANNESS ALLEN at any time.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce a copy of any DOT or PSC reports, memos, notes or correspondence concerning VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce a copy of any and all computer, electronic, or e-mail messages created in the first forty-eight hours immediately after the incident, by and between VANNESS ALLEN or MIDSTREAM TRANSPORTATION COMPANY and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

Respectfully Submitted,

GORDON McKERNAN INJURY ATTORNEYS

Douglas K. Foster (#28909)
220 S. Burnside Avenue
Gonzales, Louisiana 70737
(225) 214-0643
(225) 490-4515 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing documents have been served upon all known counsel of record by electronic mail and/or facsimile and/or U. S. Mail, postage prepaid and properly addressed on this 26th day of May, 2022.

Douglas K. Foster

**ALBERTHA MATTHEWS AND**      **DOCKET NO.:**          **SEC:**
**CHADRICK STEPTEAU**

**VERSUS**                     **18TH JUDICIAL DISTRICT COURT**

**VANNESS ALLEN, MIDSTREAM**   **PARISH OF IBERVILLE**
**TRANSPORTATION COMPANY**
**AND HARTFORD FIRE INSURANCE**
**COMPANY**                    **STATE OF LOUISIANA**

---

## VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

      BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of MIDSTREAM

TRANSPORTATION COMPANY, defendant in the above captioned matter, who after being duly

sworn did state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the best of

his/her knowledge, information and belief.

             _____
                MIDSTREAM TRANSPORTATION COMPANY

      Sworn to and subscribed before me, Notary Public, on this _____ day of _____, 2022.

             _____
                NOTARY PUBLIC

## CITATION

| | | |
|---|---|---|
| **ALBERTHA MATTHEWS, ET AL**<br><br>**Versus**<br><br>**VANNESS ALLEN, ET AL** | *(State of Louisiana seal)* | **Case: 081599**<br>**Division: B**<br>**18th Judicial District Court**<br>**Parish of Iberville**<br>**State of Louisiana** |

*The State of Louisiana and said Court to:*

**MIDSTREAM TRANSPORTATION COMPANY**
**ACADIAN BUSINESS SERVICES CORP**
**8550 UNITED PLAZA BLVD**
**BATON ROUGE, LA 70809**

*You are named as a defendant in the above captioned matter.  Attached to this citation is a:*

☒ Certified Copy of Original Petition    ☐ Certified Copy of Amended Petition    ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.

B.   When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.*

BY: *Macey George*

*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*
**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*

*Parish of _____ this _____ day of _____, 20____.*

| | | |
|---|---|---|
| **Service** | $_____ | |
| | | *By: _____* |
| **Mileage** | $_____ | *Deputy Sheriff* |
| **Total** | $_____ | |

**[ FILE COPY ]**

# CITATION

ALBERTHA MATTHEWS, ET AL

Versus

VANNESS ALLEN, ET AL



Case: 081599
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

---

The State of Louisiana and said Court to:
HARTFORD FIRE INSURANCE COMPANY
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ Certified Copy of Original Petition    ☐ Certified Copy of Amended Petition    ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.

BY: _Macey George_

Deputy Clerk of Court

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of
_____, 20_____ served the above named party as follows:
**Personal Service** on the party herein named _____.
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____

Mileage    $_____

Total    $_____

By: _____

Deputy Sheriff

[ FILE COPY ]

## LONG ARM CITATION
### CITATION PURSUANT TO THE PROVISIONS OF LSA-R.S. 13:3201 ET SEQ.

*ALBERTHA MATTHEWS, ET AL*

*Versus*

*VANNESS ALLEN, ET AL*



**Case: 081599**
**Division: B**
**18th Judicial District Court**
**Parish of Iberville**
**State of Louisiana**

TO: *VANNESS ALLEN*
   *THROUGH THE LA LONG ARM STATUTE*
   *4703 EDMUN STREET*
   *HOUSTON, TX 77020*

**YOU ARE HEREBY SUMMONED** to comply with the prayer of the attached PETITION FOR DAMAGES or file your answer thereto in writing, in the office of the Clerk of Court for the 18th Judicial District Court of the State of Louisiana, in and for the Parish of Iberville, situated at the Court House of said Parish within thirty(30) days after the filing in the record of the affidavit of the individual who either:

(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant; or

(b) actually delivered the process to the defendant, showing the date and place, and manner of delivery, under penalty of default.

*WITNESS, THE HONORABLE JUDGES OF SAID COURT, ON TH 31ST DAY OF MAY, 2022*

*Deputy Clerk of Court*
*Hon. Amy M. Patin, Clerk of Court*
*18th JDC/Parish of Iberville*
*58050 Meriam Street, 1st Floor*
*P.O. Box 423*
*Plaquemine, LA 70765-0423*

*Attorney:*

*DOUGLAS K FOSTER*

*GORDON MCKERNAN*

*225-214-0644*

FILED

2022 MAY 31 P 4: 06

IBERVILLE, LOUISIANA

A TRUE COPY
DATE 5-31-2022

Deputy Clerk, Ex-Officio, Recorder, Iberville Parish, Louisiana

[ FILE COPY ]

## CITATION

| | | |
|---|---|---|
| **ALBERTHA MATTHEWS, ET AL** | | **Case: 081599** |
| | | **Division: B** |
| **Versus** | | **18th Judicial District Court** |
| | | **Parish of Iberville** |
| **VANNESS ALLEN, ET AL** | | **State of Louisiana** |

*The State of Louisiana and said Court to:*

**VANNESS ALLEN**
**THROUGH THE NON-RESIDENT MOTORIST**
**ACT**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

*You are named as a defendant in the above captioned matter. Attached to this citation is a:*

☒ Certified Copy of Original Petition  ☐ Certified Copy of Amended Petition  ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE *TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.*

BY: *Macey George*
_____
*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

### *Service Information*

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*
**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*
*Parish of _____ this _____ day of _____, 20_____.*
*Service   $_____*
               By: _____
*Mileage   $_____*          *Deputy Sheriff*

[ FILE COPY ]

*Total*     $ _____

[ FILE COPY ]

234

## CITATION

ALBERTHA MATTHEWS, ET AL

Versus

VANNESS ALLEN, ET AL



**SERVE**

Case: 081599
Division: B
18th Judicial District Court
Parish of Iberville
State of Louisiana

---

*The State of Louisiana and said Court to:*
MIDSTREAM TRANSPORTATION COMPANY
ACADIAN BUSINESS SERVICES CORP
8550 UNITED PLAZA BLVD
BATON ROUGE, LA 70809

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ Certified Copy of Original Petition    ☐ Certified Copy of Amended Petition    ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.

RECEIVED

JUN 0 9 2022

E.B.R. SHERIFF'S OFFICE

BY: _Macey George_
Deputy Clerk of Court

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

### Service Information

Received on the _9_ day of _June_, 20 _22_ and on the _16_ day of
_June_, 20 _2 2_ served the above named party as follows:
**Personal Service** on the party herein named _____
**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:

| | | |
|---|---|---|
| Parish of | _EBR_ | this _16_ day of _June_ ___, 20 _22_. |
| Service | $_____ | |
| | | By: _Dy. J. Shows_ |
| Mileage | $_____ | Deputy Sheriff |
| | | '2022 Jun 23 P 3:53 |
| Total | $_____ | |

[ ORIGINAL ]

_UTS needs suite number_

## CITATION

| | | |
|---|---|---|
| *ALBERTHA MATTHEWS, ET AL*<br><br>*Versus*<br><br>*VANNESS ALLEN, ET AL* | **RETURN** | Case: 081599<br>Division: B<br>18th Judicial District Court<br>Parish of Iberville<br>State of Louisiana |

*The State of Louisiana and said Court to:*

*MIDSTREAM TRANSPORTATION COMPANY*
*ACADIAN BUSINESS SERVICES CORP*
*8550 UNITED PLAZA BLVD*
*BATON ROUGE, LA 70809*

*You are named as a defendant in the above captioned matter.  Attached to this citation is a:*

☒ Certified Copy of Original Petition        ☐ Certified Copy of Amended Petition        ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.*

BY: _____

*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20____ served the above named party as follows:*
**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*
*Parish of _____ this _____ day of _____, 20_____.*

| | | |
|---|---|---|
| Service | $_____ | |
| | | By: _____ |
| Mileage | $_____ | *Deputy Sheriff* |
| Total | $_____ | |

[ RETURN COPY ]

ALBERTHA MATTHEWS AND
CHADRICK STEPTEAU

DOCKET NO.: *81,599*    SEC: *B*

VERSUS

18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY

PARISH OF IBERVILLE

STATE OF LOUISIANA

## PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel comes Petitioners, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU,** persons of the full age of majority who are domiciled in Iberville Parish, State of Louisiana who respectfully represents as follows:

1.

Made defendants herein are:

A.    **VANNESS ALLEN,** a person of the lawful age of majority, domiciled in Harris County, State of Texas, and who can be served through Louisiana Long Arm Statute at his residence, 4703 Edmund Street, Houston, Texas 77020.

B.    **MIDSTREAM TRANSPORTATION COMPANY.,** upon information and belief, a foreign corporation authorized to do business in Louisiana, and who can be served with process, via its registered agent, Acadian Business Services Corp., 8550 United Plaza Blvd., Suite 702, Baton Rouge, Louisiana 70809; and

C.    **HARTFORD FIRE INSURANCE COMPANY** a foreign insurance company domiciled in Connecticut that is authorized to do and doing business in the State of Louisiana and can be served through its agent of service of process, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

2.

In accordance with Article 74 of the Louisiana Code of Civil Procedure, venue is proper in Iberville Parish, Louisiana as the incident giving rise to the petition occurred there.

3

The Defendants are justly and truly liable, jointly, severally, and *in solido*, to the Petitioner for damages, injuries, and losses which they sustained, together with legal interest from the date of judicial demand and all costs of these proceedings, for the reasons described herein.

4.

On or about June 8, 2021, at approximately 4:40 a.m., **ALBERTHA MATTHEWS** was operating a 2017 Nissan Versa and **CHADRICK STEPTEAU** was a guest passenger in the 2017 Nissan Versa. Petitioners were traveling northbound on LA 75 in Iberville Parish, Louisiana, within the jurisdictional limits of this Court.

5.

At the same time and on the same roadway, **VANNESS ALLEN** was operating a 2013 Kenworth tractor tanker, owned by, **MIDSTREAM TRANSPORTATION COMPANY,** and was making a left turn from a private driveway in Iberville Parish, Louisiana, within the jurisdictional limits of this Court.

6.

Suddenly, negligently and without warning, the 2013 Kenworth tractor tanker operated by **VANNESS ALLEN** and owned by **MIDSTREAM TRANSPORTATION COMPANY** caused a violent collision between the two vehicles resulting in injuries, damages, and losses to **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU.**

7.

At all times pertinent hereto, **ALBERTHA MATTHEWS** was operating her vehicle in a safe manner and with due prudence. In no way did Petitioner contribute to or cause the wreck.

8.

As a result of the above-described collision, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU** sustained personal injuries.

9.

Petitioners show that their injuries and damages were substantially and proximately caused by the fault and negligent acts and/or omissions of Defendant, **VANNESS ALLEN,** in the following, non-exclusive particulars, including but not limited to:

A.    Failing to see what he should have seen, and if having seen, in failing to heed;

B.    Failing to maintain control of his vehicle;

C.    Failing to yield;

D.    Failing to keep a proper look out;

2

D.    Right Knee injury; and

E.    Other injuries, which will be more fully shown at the trial of this matter.

13.

As a direct and proximate result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY**, in causing the aforementioned collision, Petitioner, **ALBERTHA MATTHEWS**, has suffered and will continue to suffer the following:

a.    Physical pain and suffering – past, present, and future;

b.    Mental pain and suffering – past, present, and future;

c.    Loss of enjoyment of life – past, present, and future;

d.    Loss of wages and wage earning capacity – past, present, and future;

e.    Medical expenses – past, present, and future; and

f.    Any and all damages which shall be proven at the trial of this matter.

14.

As a result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY**, in causing the aforementioned accident, **CHADRICK STEPTEAU**, suffered the following non-exclusive injuries:

A.    Back injury;

B.    Neck injury;

C.    Head/Headaches; and

D.    Other injuries, which will be more fully shown at the trial of this matter.

15.

As a direct and proximate result of the fault and/or negligence of the Defendants, **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY**, in causing the aforementioned collision, Petitioner, **CHADRICK STEPTEAU**, has suffered and will continue to suffer the following:

a.    Physical pain and suffering – past, present, and future;

b.    Mental pain and suffering – past, present, and future;

c.    Loss of enjoyment of life – past, present, and future;

4

d.    Loss of wages and wage earning capacity – past, present, and future;

e.    Medical expenses – past, present, and future; and

f.    Any and all damages which shall be proven at the trial of this matter.

16.

Petitioners aver that **MIDTREAM TRANSPORTATION COMPANY** is vicariously liable for the above-described conduct, negligence and fault of **VANNESS ALLEN** pursuant to LSA-C.C. art. 2320.

17.

Defendant, **MIDTREAM TRANSPORTATION COMPANY** is vicariously liable for the aforementioned fault, incompetence and negligence of **VANNESS ALLEN** under LSA-C.C. art. 2317.

18.

Upon reasonable information and belief, at all times pertinent hereto, Defendant, **HARTFORD FIRE INSURANCE COMPANY,** had in full force and effect a policy of comprehensive automobile liability insurance and/or excessive liability insurance, providing insurance coverage to Defendants **VANNESS ALLEN and MIDSTREAM TRANSPORTATION COMPANY,** which insurance inures to the benefit of the Petitioners for the damages complained of herein under the provisions of the Direct Action Statute, Louisiana Revised Statutes 22:1269.

19.

Petitioner are entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

**WHEREFORE,** Petitioners, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU,** prays that Defendants, **VANNESS ALLEN, MIDSTREAM TRANSPORTATION COMPANY, HARTFORD FIRE INSURANCE COMPANY** be duly cited and served with a copy of this petition, to appear and answer same and, after all due proceedings had and the lapse of all legal delays, that there be a judgment herein in favor of Petitioner and against all the Defendants jointly, severally, and *in solido* in a full and true sum

5

calculated to compensate Petitioner for the damages complained of herein, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted By:

**GORDON McKERNAN INJURY ATTORNEYS**

**DOUGLAS K FOSTER** (#28909)
220 S. Burnside Ave.
Gonzales, LA 70737
Telephone: (225) 214-0644
Facsimile: (225) 490-4515
*Attorney for ALBERTHA MATTHEWS AND CHADRICK STEPTEAU*

**PLEASE SERVE:**

**VANNESS ALLEN**
THROUGH THE NON-RESIDENT MOTORIST ACT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809

**VANNESS ALLEN**
*THROUGH THE LOUSIANA LONG ARM STATUTE*
*4703 EDMUND STREET*
*HOUSTON, TEXAS 77020*

**MIDSTREAM TRANSPORTATION COMPANY**
*THROUGH ITS AGENT OF SERVICE OF PROCESS:*
ACADIAN BUSINESS SERVICES CORP.
8550 UNITED PLAZA BLVD
BATON ROUGE, LOUISIANA 70809

**HARTFORD FIRE INSURANCE COMPANY**
*THROUGH ITS AGENT OF SERVICE OF PROCESS:*
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LOUISIANA 70809





A TRUE COPY
DATE 5-31-2022

Deputy Clerk, Ex-Officio Recorder, Iberville Parish, Louisiana

6

| | |
|---|---|
| ALBERTHA MATTHEWS AND CHADRICK STEPTEAU | DOCKET NO.:        SEC: |
| VERSUS | 18TH JUDICIAL DISTRICT COURT |
| VANNESS ALLEN, MIDSTREAM TRANSPORTATION COMPANY AND HARTFORD FIRE INSURANCE COMPANY | PARISH OF IBERVILLE |
| | STATE OF LOUISIANA |

## REQUEST FOR WRITTEN NOTICE OF ANY ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, Douglas Foster, Gordon McKernan Injury Attorneys, as counsel for Plaintiffs, **ALBERTHA MATTHEWS AND CHADRICK STEPTEAU**, in the above captioned matter, written notice by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exception, rules, or on the merits thereof, or any assignment of fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediately notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment. This request for notice is made with full reservation of all rights, and we thank you for your customary courtesy and cooperation.

Respectfully Submitted,

**GORDON McKERNAN INJURY ATTORNEYS**

**DOUGLAS K. FOSTER (#28909)**
220 S. Burnside Ave.
Gonzales, Louisiana 70737
Telephone: (225) 214-0643
Fax: (225) 490-4515
Email: doug@getgordon.com

FILED

2022 MAY 26  P 3: 09

CLERK OF COURT 18 JUDICIAL
IBERVILLE, LOUISIANA

7

**INTERROGATORY NUMBER 11:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NUMBER 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involve plaintiff.

**INTERROGATORY NUMBER 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff prior to the incident in question.

**INTERROGATORY NUMBER 16:**

If any eye witness (including police or emergency personnel) or other person(s) made any statement relative to the collision or the plaintiff at the scene of the collision or any time thereafter, please identify that person(s) and describe in detail the substance of the statement.

**INTERROGATORY NUMBER 17:**

What was the total amount of property damage to the insured vehicle and who repaired it?

**INTERROGATORY NUMBER 18:**

Please indicate the make and model of the insured vehicle(s), their present location, and ownership. This interrogatory is specifically aimed at the tractor AND the trailer. Also, please indicate if you will voluntarily permit Plaintiffs' accident reconstruction expert to inspect said vehicles.

**INTERROGATORY NUMBER 19:**

List any and all traffic violations received by VANNESS ALLEN as a result of the accident and disposition of each.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff(s) concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all photographs, dashboard camera video and/or videotapes taken in connection with the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for any defendant(s), which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant and is expected to testify at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 9:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you expect to call to testify at trial.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any testifying expert.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all medical reports and/or records in your possession concerning Plaintiff(s).

**REQUEST FOR PRODUCTION NO. 13:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding plaintiff.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all employment records regarding plaintiff.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all indemnification agreements between this defendant and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all reservations of rights signed by this defendant and/or any other party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents on prior claims and/or lawsuits of plaintiff.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents on prior claims and/or lawsuits of any plaintiff involved in the subject litigation.

**REQUEST FOR PRODUCTION NO. 21:**

A copy of the repair invoices for any repairs made to any vehicle as a result of this collision.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all information which can be downloaded from OmniTRAC, Qualcomm, MVPC, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision and the day of the collision, for this driver, truck, and trailer. If this information has not been downloaded, please advise if you will voluntarily permit plaintiffs to download said information.

**REQUEST FOR PRODUCTION NO. 23:**

Any computer data from the tractor or trailer to include but not be limited to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic control module), any on-board computer, tachograph, trip monitor, trip recorder, trip master, Hours of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

Respectfully Submitted,

GORDON MCKERNAN INJURY ATTORNEYS

Douglas K. Foster (#28909)
220 S. Burnside Avenue
Gonzales, Louisiana 70737
(225) 214-0643
(225) 490-4515 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing documents have been served upon all known counsel of record by electronic mail and/or facsimile and/or U. S. Mail, postage prepaid and properly addressed on this 26th day of May 2022.

Douglas K. Foster

FILED

2022 MAY 26 P 3: 09

IBERVILLE, LOUISIANA

ALBERTHA MATTHEWS AND            DOCKET NO.:            SEC:
CHADRICK STEPTEAU

VERSUS                           18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM         PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                          STATE OF LOUISIANA

FILED
2022 MAY 26 P 3:09
IBERVILLE, LOUISIANA

## VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____


BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of HARTFORD FIRE

INSURANCE COMPANY, defendant in the above captioned matter, who after being duly sworn

did state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the best of

his/her knowledge, information and belief.


_____
HARTFORD FIRE INSURANCE COMPANY


Sworn to and subscribed before me, Notary Public, on this _____ day of _____, 2022.


_____
NOTARY PUBLIC

| | |
|---|---|
| ALBERTHA MATTHEWS AND<br>CHADRICK STEPTEAU | DOCKET NO.:          SEC: |
| VERSUS | 18TH JUDICIAL DISTRICT COURT |
| VANNESS ALLEN, MIDSTREAM<br>TRANSPORTATION COMPANY<br>AND HARTFORD FIRE INSURANCE<br>COMPANY | PARISH OF IBERVILLE<br><br>STATE OF LOUISIANA |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT, VANNESS ALLEN

TO:    VANNESS ALLEN

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiffs' First set of Interrogatories and Request for Production of Documents attached to this notice and served herewith, and to serve your answers to these Interrogatories on Douglas K. Foster, Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

Note:    Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection and serve your answers to these Interrogatories on Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737 within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure Article 1428, these interrogatories and requests for production of documents are deemed to be continuing, and supplementation of all responses is requested as information changes and/or becomes available.    Conversely, if defendant believes that the request is objectionable, plaintiff(s) requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable.  Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information.  The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

DEFINITION AND INSTRUCTIONS

A. "YOU" refers to the person to whom these interrogatories are being directed, his agents and attorneys.

**INTERROGATORY NUMBER 3:**

Identify the following for each person whom you have consulted with, expect to call or may call as an expert witness, and with respect to each person so identified, state:

    a)    the name and business address of the expert.

    b)    the field of designation of the expert.

    c)    the subject matter on which the expert is expected to testify.

    d)    the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert.

    e)    list of all of the information which has been provided to the expert;

    f)    any and all opinions held by the expert.

**INTERROGATORY NUMBER 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal or expert witness.

**INTERROGATORY NUMBER 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NUMBER 6:**

Please list the name, address, and phone number of the person(s) and/or entity(s) who have conducted or attempted to conduct any surveillance on plaintiff(s) on or since the date of the collision made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NUMBER 7:**

Please state the names and addresses of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the collision made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NUMBER 8:**

Please describe to the best of your knowledge how the collision sued upon herein occurred.

**INTERROGATORY NUMBER 9:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts

of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NUMBER 10:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request for production and plaintiff specifically asks that the answering party not refer the answer of this interrogatory to the declaration sheet or policy attached to any requests for production responses.)**

**INTERROGATORY NUMBER 11:**

Please describe your employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NUMBER 12:**

Please provide the following:

(a)     current home address and telephone number;
(b)     driver's license number and State of issue;
(c)     social security number; and,
(d)     place of employment, employer's address and employer's telephone number.

**INTERROGATORY NUMBER 13:**

Please state, in detail, where you were traveling to/from on the date of the collision.

**INTERROGATORY NO. 14:**

Have you ever had your motor and/or commercial vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities?  If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NO. 15:**

Describe any and all criminal arrests and/or charges you have received, including the nature of the charge, date and disposition of each offense.

**INTERROGATORY NO. 16:**

Please state whether you have been involved in any motor vehicle collision(s) within the last ten (10) years?  If so, give details as to where and when such collision(s) occurred.

**INTERROGATORY NO. 17:**

Please list all traffic tickets/citations received by you within the last ten (10) years.

**INTERROGATORY NO. 18:**

Please list and describe if you currently suffer, or have ever suffered from the following conditions:

a)   loss of limb, impairment of hand(s) or finger(s), limb defect(s) or limb limitations of any nature;

b)   any past and/or present medical history or clinical diagnosis of diabetes requiring insulin treatment;

c)   any past and/or present diagnosis of any cardiovascular or respiratory disease or symptom;

d)   any past and/or present symptom or diagnosis of high blood pressure;

e)   any past and/or present symptom or diagnosis of any orthopaedic, neuromuscular or vascular diseases;

f)   any past or present symptom or diagnosis of epilepsy or any instance of seizure;

g)   any past and/or present symptom or diagnosis of any psychiatric, mental or nervous disorder;

h)   any past and/or present symptom or diagnosis of alcoholism or alcohol abuse; and,

i)   any past and/or present symptom of hearing impairment.

**INTERROGATORY NO. 19:**

Please state whether you have ever been prescribed any corrective vision lenses.  If so, state the name, address and telephone number of the examiner for your last eye examination as well as the date of such eye examination, and the measure of your visual acuity both uncorrected and corrected.

**INTERROGATORY NO. 20**

Please list all prescriptions medications, whether you were taking the medication or not, which you held a prescription for on the date of the sued upon collision.

**INTERROGATORY NO. 21:**

Please state whether you had consumed any alcoholic beverage or any type of drug (prescription or otherwise) within 24 hours of the collision in question.  Identify the substance/product, the time, date and amount of consumption.

**INTERROGATORY NO. 22:**

Please provide the phone number to all cell phones that were in your possession on the date of the sued upon collision, as well as the name of the cellular carrier.

**INTERROGATORY NO. 23:**

Please provide the name, address, and phone number of all persons who were passengers in your vehicle at the time of the sued upon collision.

**INTERROGATORY NO. 24:**

Please provide any and all information of which you are aware that details the nature of your employment, affiliation or contractual obligation with Midstream Transportation Company.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all photographs and/or videotapes taken in connection with the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for VANNESS ALLEN, which was in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 6:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

ALBERTHA MATTHEWS AND             DOCKET NO.:            SEC:
CHADRICK STEPTEAU

VERSUS                            18ᵀᴴ JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM          PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                           STATE OF LOUISIANA

## VERIFICATION

STATE OF _____

COUNTY/PARISH OF _____

    BEFORE ME the undersigned notary public, personally came and appeared

VANNESS ALLEN, defendant in the above captioned matter, who after being duly sworn did

state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the

best of his/her knowledge, information and belief.


_____
VANNESS ALLEN


Sworn to and subscribed before me, Notary Public, on this _____ day of _____, 2022.


_____
NOTARY PUBLIC

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION
### (PHI)

| PATIENT NAME: **VANNESS ALLEN** | DOB |
|---|---|

| ADDRESS: | SSN: |
|---|---|

| CITY | STATE | ZIP |
|---|---|---|

| PROVIDER AUTHORIZED TO RELEASE THE PHI: | Entity Receiving PHI:<br>NAME:  Gordon McKernan Injury Attorneys |
|---|---|
| | ADDRESS:<br>220 S. Burnside Avenue |
| | CITY:<br>Gonzales | STATE:  LA | ZIP:  70737 |
| | ATTENTION: |

This authorization will expire on the following date or event:
Date:                              Event:

Purpose of this Disclosure:     Legal

**PHI AND DATES OF PHI AUTHORIZED FOR USE OR DISCLOSURE**

| Description | Start Date | End Date |
|---|---|---|
| O All PHI records | | |
| O Progress Notes | | |
| O Laboratory Tests | | |
| O X-Ray Tests / Reports | | |
| O History and Physical Examination | | |
| O Discharge Summary | | |
| O Consultation Reports | | |
| O Itemized Billing Statement | | |
| O Other | | |

The following information will be released when included in the above information unless you indicate otherwise:
[ ] AIDS or HIV test results         [ ] Psychiatric or mental care / treatment
[ ] Alcohol, drug or substance abuse treatment         [ ] Other (specify):

I understand that:

1. I may refuse to sign this authorization and it is strictly voluntary.
2. My treatment, payment, enrollment or eligibility for benefits may not be conditioned on signing this authorization.
3. I may revoke this authorization at any time in writing to the provider authorized to release the protected health information, but if I do, it will not have any affect on any actions taken prior to receiving the revocation.
4. *If the requester or receiver is not a health plan or health care provider, the released information may no longer be* protected by federal privacy regulations and may be disclosed.
5. I have the right to receive a copy of this form after I sign it.
6. It is requested that you preserve the confidentiality of the physician/patient relationship and that you not release records to anyone other than Gordon McKernan Injury Attorneys without a valid authorization from me.

7. It is requested that you preserve the confidentiality of the physician/patient relationship and not discuss my medical treatment or
any information in my medical records with anyone, unless I or a representative

| Signature of Patient: | Date: |
|---|---|

| Signature of Patient's Representative (if necessary): | Date: |
|---|---|

| Representative's Relationship to Patient: | A COPY MAY BE USED IN LIEU OF ORIGINAL |
|---|---|

## AUTHORIZATION FOR RELEASE
## OF EMPLOYMENT RECORDS

TO:

RE: VANNESS ALLEN
Date of Birth:

I, VANNESS ALLEN, authorize the release of any and all documents or records held by you relating to my employment, including but not limited to, the following: any and all personnel information and records, pre-employment examinations, drug and/or alcohol testing/screens, physicals, job description, work history, evaluation, work performance, resignation, disciplinary or termination information, attendance records, wage and hour records or records pertaining to compensation for labor or services, personnel records, records concerning workers' compensation claims, illness and disability, leave of absence, any health or accident claims, any medical or insurance records concerning any physical disability and any and all other such employment records to **Gordon McKernan Injury Attorneys, 220 S. Burnside Avenue, Gonzales, Louisiana 70737**, upon presentation of this authorization or any exact photocopy thereof. This will further serve as authorization to permit photocopying of any employment records requested by said law firm, at its expense.

A photocopy of this authorization can serve as an original at any time.

Dated: _____          _____
                              VANNESS ALLEN

ALBERTHA MATTHEWS AND          DOCKET NO.:         SEC:
CHADRICK STEPTEAU

VERSUS                        18TH  JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM        PARISH OF IBERVILLE
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY                    STATE OF LOUISIANA

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS, MIDSTEAM TRANSPORTATION

TO:   MIDSTREAM TRANSPORTATION COMPANY

**PLEASE TAKE NOTICE** that you are hereby notified and required to answer separately, fully, in writing and under oath, Plaintiffs' First set of Interrogatories and Request for Production of Documents attached to this notice and served herewith, and to serve your answers to these Interrogatories and Request for Production of Documents on Douglas K. Foster, 220 S. Burnside Avenue, Gonzales, Louisiana 70737, within thirty (30) days from service hereof, all as provided by the Louisiana Code of Civil Procedure.

**Note:**  Plaintiff(s) request that if defendant is going to answer/produce/respond to the discovery item, then defendant should do so without an objection.  Conversely, if defendant believes that the request is objectionable, plaintiff requests that defendant specify not only the reason why the discovery item is objectionable, but also specify the details on how it is objectionable.  Plaintiff(s) believes that it may be improper when defendant answers a discovery item with an objection and also supplies requested information.  The reason is because when defendant lodges an objection, plaintiff(s) is unable to determine whether defendant has produced all of the information that is potentially responsive to the discovery request; therefore, defendant may be able to "shelter" discoverable evidence by means of a partial disclosure protected by an objection.

## DEFINITION AND INSTRUCTIONS

A.  "YOU" refers to the person or entities to whom these interrogatories are being directed, his/their agents and attorneys.

B.  "DATE IN QUESTION" refers to on about June 8. 2021.

C.  "INCIDENT IN QUESTION" refers to the collision involving ALBERTHA MATTHEWS AND VANNESS ALLEN on or about June 8, 2021.

D.  "AREA IN QUESTION" refers to the proximate location of the incident in question.

E.  "IDENTIFY":  In those instances where the word "identify" is used in these requests for discovery, it should be interpreted as requiring, with respect to persons, the person's name, last known address and

telephone number. With respect to <u>documents or things</u>, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

F. "<u>PERSON OR PERSONS</u>" includes natural persons, partnerships, sole proprietorships, associations, joint venture, and corporations.

G. "<u>DOCUMENTS AND TANGIBLE THINGS</u>" includes but is not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, films, electronic or videotape recordings, DVD's, CD-Rom's, cassette tapes and any other data compilations from which information can be obtained and translated, if necessary.

H. <u>REFERENCE TO DOCUMENTS</u>: In those instances where the responding party chooses to answer a Request for Information by referring to a specific document or record, it is requested that such specification be in such sufficient detail as to permit the requesting party to locate and identify the records and/or documents from which the answer is to be ascertained, as readily as can the party served with the request.

I. <u>COMPUTER BASED INFORMATION</u>: In those instances where the requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include the necessary glossaries, keys and indices for interpretation of the material.

J. <u>SUPPLEMENTATION</u>: To the extent certain requests have been previously answered and those responses were incorrect or incomplete or have since become inaccurate or incomplete, we request that the prior responses be supplemented.

K. <u>DESIGNATED TIME PERIOD</u>: Unless otherwise stated relative to a specific request, the time period applicable to the following requests is from three (3) years prior to and including the date in question, through the date answers are being served.

# INTERROGATORIES

<u>INTERROGATORY NO. 1:</u>

Please identify the name and title of the person answering these interrogatories.

<u>INTERROGATORY NO. 2:</u>

State the last known name and address of the following persons:

a. All persons that this defendant believes or has been informed witnessed the collision in question.

b. All persons who this defendant believes or has been informed may have knowledge of any facts relevant to any aspect of this litigation.

<u>INTERROGATORY NO. 3:</u>

Identify the following for each person whom you have consulted with or expect to call or may call as an expert witness, and with respect to each person so identified, state:

a. The name and business address of the expert.

b. The field of designation of the expert.

c. The subject matter on which the expert is expected to testify.

d. The facts known to the expert (regardless of when the factual information was acquired) which related to or form the basis of the mental impressions and opinions held by the expert.

e. Any and all opinions held by the expert.

**INTERROGATORY NO. 4:**

Please give the name, address, and phone number for all witnesses that you intend to use at a trial of this matter and whether they are a fact, damage, rebuttal or expert witness.

**INTERROGATORY NO. 5:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NO. 6:**

Please state whether you, your client, or an agent/representative of you or your client have conducted or attempted to conduct any surveillance on plaintiff on or since the date of the collision made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance.

**INTERROGATORY NO. 7:**

If the answer to the preceding interrogatory is in the affirmative, please list the name, address, and phone number of the person(s) and/or entity(s) conducting or attempting to conduct the surveillance, the date(s) the surveillance was conducted or attempted to be conducted, and who is in possession of the surveillance at this time.

**INTERROGATORY NO. 8:**

Please state the names and address of any and all person(s) from whom you, your client, or any agent/representative of you or your client have taken statements regarding the collision made the basis of this lawsuit and the date said statements were taken.

**INTERROGATORY NO. 9:**

Please describe to the best of your knowledge how the collision sued upon herein occurred.

**INTERROGATORY NO. 10:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through any act(s) of negligence of the plaintiff, please provide a description of the acts of negligence which you contend plaintiff committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO. 11:**

If you allege that the collision made the basis of this lawsuit was caused or created in whole or in part through the negligence of any other person, party and/or entity, please provide a description of the acts of negligence which you contend any other person, party and/or entity, committed, and the facts and details upon which you rely in making these allegations.

**INTERROGATORY NO. 12:**

If you allege an affirmative defense(s) in your answer to this lawsuit, please provide a general description of each affirmative defense and the facts and details upon which you rely in making each one of these defenses.

**INTERROGATORY NO. 13:**

Please identify (BY LISTING EACH) any and all insurance policies, including primary, general, umbrella and/or excess, that this defendant has which **may** be available to satisfy a settlement or judgment of this claim, specifying the insurer, the insured, and the policy limits for each policy identified. **(Please note that this is not a request of production and plaintiff specifically asks that the answering party not refer to the answer of this interrogatory to the declaration sheet or policy attached to any request for production responses.)**

**INTERROGATORY NO. 14:**

Please list to the best of your knowledge any and all criminal matters, including but not limited to arrests, pleas, convictions, indictments, etc., that involved VANNESS ALLEN.

**INTERROGATORY NO. 15:**

Please list to the best of your knowledge any and all prior injuries, diseases, and/or illnesses suffered by the plaintiff prior to the incident in question.

**INTERROGATORY NO. 16:**

Please list the names and addresses of all places of employment in which VANNESS ALLEN worked for a period of ten (10) years prior to the collision in question.

**INTERROGATORY NO. 17:**

Please provide the following for defendant, VANNESS ALLEN:

a. Current home address and telephone number;
b. Current physical address;
c. Driver's license number and State of issue;
d. Social security number; and,.
e. Place of employment, employer's address and employer's telephone number.

**INTERROGATORY NO. 18:**

Please state, in detail, where VANNESS ALLEN was traveling to/from on the date of incident.

**INTERROGATORY NO. 19:**

Has VANNESS ALLEN ever had his motor vehicle operator's license revoked, suspended, or withdrawn by any licensing authorities? If so, please give the reasons therefore, including the date of each offense and the state issuing each.

**INTERROGATORY NO. 20:**

Please state whether VANNESS ALLEN was self-employed or subcontracted and your employer/employee relationship.

**INTERROGATORY NO. 21:**

Please state whether VANNESS ALLEN was driving alone or with a co-driver at the time of the subject collision.

**INTERROGATORY NO. 22:**

Please state whether VANNESS ALLEN has been involved in any motor vehicle collision(s) within the last five (5) years? If so, give details as to where and when such collision(s) occurred.

**INTERROGATORY NO. 23:**

Please describe VANNESS ALLEN's employment history over the last ten (10) years (giving approximate dates of employment), including, employer, name of immediate supervisor, type of work performed, and reason for termination.

**INTERROGATORY NO. 24:**

Please list all traffic tickets received by VANNESS ALLEN within the last five (5) years.

**INTERROGATORY NO. 25:**

Please list the dates of any and all DOT inspections/audits, which have been performed on MIDSTREAM TRANSPORTATION COMPANY in the last 10 years and the results of same.

**INTERROGATORY NO. 26:**

Please provide the name, address and phone number for your company safety director.

**INTERROGATORY NO. 27:**

How many times in the past 5 years has MIDSTREAM TRANSPORTATION COMPANY received a fine from the Federal Motor Carrier Safety Administration?  Why were the fine(s) issued? What is the current disposition of the fine(s)?

**INTERROGATORY NO. 28:**

Please describe with specificity the maintenance schedule for trucks operated by employees and/or contractors under the direction of MIDSTREAM TRANSPORTATION COMPANY.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

True and complete copies of any and all collision reports, investigative reports, and/or incident reports of the collision made the basis of this lawsuit.  This request specifically includes the

MIDSTREAM TRANSPORTATION COMPANY collision/incident report made in connection with the incident.

**REQUEST FOR PRODUCTION NO. 2:**

True and complete copies of any and all statements made by the plaintiff concerning the subject matter of this suit, including any written statements, tape recordings, video statements and/or transcripts thereof signed or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

True and complete copies of any and all statements made by any person concerning the subject matter of this suit including any written statements, tape recordings and/or transcripts signed or otherwise.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of all photographs, video, computer generated media, or any other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or of any equipment or things that were located at or near the site of the occurrence.

**REQUEST FOR PRODUCTION NO. 5:**

True and complete copies of all photographs of the tractor and trailer involved in the subject collision, taken both before and after the collision.

**REQUEST FOR PRODUCTION NO. 6:**

True, complete, and CERTIFIED copies of all polices of liability insurance, both primary and excess, relating to insurance coverage for MIDSTREAM TRANSPORTATION COMPANY, which were in effect at the time of the occurrence made the basis of this action and/or which may be available to satisfy a judgment or settlement in this case.

**REQUEST FOR PRODUCTION NO. 7:**

True and complete copies of any and all surveillance material, including but not limited to, investigative reports, color photographs, and/or video tape, taken of the plaintiff(s) prior to the trial of this case.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all expert reports which have been prepared by any expert which has been consulted by the defendant.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who have been consulted as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 10:**

True and complete copies of all notes, memoranda, photographs, correspondence, and/or reports prepared by or for any expert witness whom you have consulted with and/or may call to testify at trial.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any and all information prepared by any expert retained for consultation and whose work product was reviewed by any expert whom you may call to testify at trial.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all exhibits which you may introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all medical reports and/or records in your possession concerning, Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide any and all medical records from any physician, clinic, hospital, or other healthcare provider that has rendered medical treatment in the last ten (10) years to VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all pre-employment physical examinations, for any time preceding the date of this collision concerning VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all criminal records, including but not limited to, arrest reports, warrants, indictments, rap sheets, etc. regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all employment records regarding VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce a copy of VANNESS ALLEN's complete driver qualification file, as required by 49 C.F.R. 391.51, including but not limited to:

a)    Application for employment

b)    CDL license

c)    Driver's certification of prior traffic violations

d)    Driver's certification of prior collisions

e)    Driver's employment history

f)    Pre-employment MVR

g)    Annual MVR

h)    Annual review of driver history

i)    Certification of road test

j)    Medical examiner's certificate

k)    HAZMAT or other training documents

l)    All drug and alcohol testing records of the driver

m)    All inquiries and responses regarding the driver's employment history

## REQUEST FOR PRODUCTION NO. 19:

The complete personnel file on VANNESS ALLEN, including but not limited to:

a)    Records of any criminal convictions;

b)    Records of all traffic tickets, traffic warnings, traffic citations or traffic charges;

c)    Results of any drug examination or screening of VANNESS ALLEN;

d)    All disciplinary or infraction records on VANNESS ALLEN;

e)    All pre-employment examinations of VANNESS ALLEN , both physical and mental;

f)    A copy of any contract of employment or any document that would govern any relationship with any party or bear on the issue of employment;

g)    Any other documents, records or other information relating to the employment-relationship between MIDSTREAM TRANSPORTATION COMPANY and VANNESS ALLEN; and

h)    Any other records indicating any past wrecks involving VANNESS ALLEN.

## REQUEST FOR PRODUCTION NO. 20:

Any and all indemnification agreements between MIDSTREAM TRANSPORTATION COMPANY and any other persons or entities which have been asserted in this case or which might apply to the claims made by plaintiff(s).

## REQUEST FOR PRODUCTION NO. 21:

Any and all reservations of rights received by MIDSTREAM TRANSPORTATION COMPANY and/or any other party to this lawsuit.

## REQUEST FOR PRODUCTION NO. 22:

Any and all notices of any subrogation interests of any party or non-party relating to this matter.

## REQUEST FOR PRODUCTION NO. 23:

Any and all documents on prior claims and/or lawsuits of VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce copies of any and all records reflecting the following:

a.    Make, model, year, and registration of the tractor and trailer in question; and

b.    Name and address of the owner of the tractor and trailer in question (both as of the date of the collision and today's date).

**REQUEST FOR PRODUCTION NO. 25:**

A copy of all damage appraisals made on the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO. 26:**

A copy of all repair invoices of the vehicles involved in the incident in question.

**REQUEST FOR PRODUCTION NO. 27:**

True and complete copies of all drawings, maps, and/or sketches of the scene of the collision made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all rules, regulations, and guidelines pertaining to driving for employees of MIDSTREAM TRANSPORTATION COMPANY which were in effect at the time of the collision.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce a copy of any driver manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

**REQUEST FOR PRODUCTION NO. 30:**

A copy of any and all manuals, procedures, guidelines, rules, safety tips, advisories, safety training, documents, drawings, writings, notes and/or memorandums concerning MIDSTREAM TRANSPORTATION COMPANY training, supervision, instruction, or discipline of its drivers at the time of the collision.

**REQUEST FOR PRODUCTION NO. 31:**

A copy of any document retention policy (which specifically includes electronically stored information) of MIDSTREAM TRANSPORTATION COMPANY regarding employment history, drug screens/physicals, medical records, MDT data, RiskMaster, driving logs, trips, tickets, collisions, employee reprimands and lawsuits or claims made against a driver, including VANNESS ALLEN.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce a copy of all written policies and procedures pertaining to disciplinary action applicable to any driver found to be at fault in an collision or issued a moving violation while on duty with your company.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce a copy of all written policies and procedures utilized by you to investigate vehicular collisions involving your on-duty employees/drivers.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce a copy of VANNESS ALLEN's post-collision alcohol and drug testing results.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce a copy of all documents you were required by State or Federal law to maintain in the vehicle involved in the subject collision, including, but not limited to logs, medical examiners certificate, driver's license and any other required license(s), registration, proof of insurance, etc.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce a copy of all bills of lading for any shipments transported by VANNESS ALLEN and/or co-driver, for the day of the collision and the thirty (30) day period preceding the collision.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce a copy of any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a copy of the front and back of VANNESS ALLEN's daily logs and his co-driver's logs (if any) for the day of the collision, and the six month period preceding the collision, together with all material required by 49 C.F.R. 395.8 and 395.15 for the driver(s) involved in the above matter together with the results of any computer program used to check logs as well as all results of any audit of the logs by your company or a third party. This specifically includes any electric on board computers (MDT, Legacy Systems, AOBRD's, EOBR's, etc...) and the audit trail for those entries.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce a copy of all existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the sued upon collision, to include all existing daily inspection reports for the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce a copy of all existing maintenance, inspection and repair records or work orders on the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce a copy of all annual inspection reports for the tractor and trailer involved in the subject collision, covering the date of the collision.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce a copy of the collision register maintained by MIDSTREAM TRANSPORTATION

COMPANY as required by federal law for the one (1) year period preceding this collision. (FMCSR 390.15)

**REQUEST FOR PRODUCTION NO. 43:**

Please produce a copy of all MDT, Legacy systems, OmniTRAC, Qualcomm, MVPC, QTRACS,

OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the

six (6) months prior to the collision and the day of the collision, for VANNESS ALLEN , as well as the

tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce a copy of any computer data from the tractor or trailer to include but not be limited

to: any data and printout from on-board recording devices, including but not limited to the ECM (electronic

control module), MDT, any on-board computer, tachograph, trip monitor, trip recorder, trip master, Hours

of Service (HOS) or other recording or tracking device for the day of the collision and the six (6) month

period preceding the collision for the equipment involved in the collision.

**REQUEST FOR PRODUCTION NO. 45:**

Please produce a copy of accounting records, cargo transportation bills and subsequent payments or

other records indicating billings for transportation or subsequent payment for the transportation of cargo,

with both the front and back of cancelled checks for cargo transported by VANNESS ALLEN and/or the

tractor or trailer involved in the collision for thirty (30) days prior to the date of the collision as well as the

day of the collision.

**REQUEST FOR PRODUCTION NO. 46:**

Please produce a copy of any post-collision maintenance, inspection, or repair records or invoices

in regard to the tractor and trailer involved in the subject collision.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce a copy of any weight tickets, fuel receipts, hotel bills, tolls, or other records of

expenses, to include expense sheets and settlement sheets regardless of type (to specifically include

Comdata or similar vendor reports), for VANNESS ALLEN pertaining to trips taken for the day of the

collision and thirty (30) days prior to the collision.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce a copy of any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding this collision.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce a copy of any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce a copy of all letters, reports, and written material from a government entity involving safety, and safety ratings for MIDSTREAM TRANSPORTATION COMPANY and VANNESS ALLEN to include, but not be limited to, Department of Transportation audits by the state or federal government, the Federal Motor Carrier Safety Administration, or material generated on MIDSTREAM TRANSPORTATION COMPANY or VANNESS ALLEN pursuant to SAFER System or CSA 2010. The request is limited to one (1) year prior to the wreck and any subsequent document, report, letter, or other material (to include electronically transmitted information) that includes the date of the wreck.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce a copy of all lease contracts or agreements covering VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 52:**

Please produce a copy of any interchange agreements regarding the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 53:**

Please produce a copy of any DOT or PSC reports, memos, notes or correspondence concerning VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 54:**

Please produce a copy of any reports, memos, notes, logs or other documents evidencing complaints about VANNESS ALLEN at any time.

**REQUEST FOR PRODUCTION NO. 55:**

Please produce a copy of any DOT or PSC reports, memos, notes or correspondence concerning VANNESS ALLEN or the tractor or trailer involved in this collision.

**REQUEST FOR PRODUCTION NO. 56:**

Please produce a copy of any and all computer, electronic, or e-mail messages created in the first forty-eight hours immediately after the incident, by and between VANNESS ALLEN or MIDSTREAM TRANSPORTATION COMPANY and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as well as any computer messages which relate to this particular incident, whether generated or received.

Respectfully Submitted,

GORDON McKERNAN INJURY ATTORNEYS

Douglas K. Foster (#28909)
220 S. Burnside Avenue
Gonzales, Louisiana 70737
(225) 214-0643
(225) 490-4515 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing documents have been served upon all known counsel of record by electronic mail and/or facsimile and/or U. S. Mail, postage prepaid and properly addressed on this 26th day of May, 2022.

Douglas K. Foster

ALBERTHA MATTHEWS AND
CHADRICK STEPTEAU

DOCKET NO.:            SEC:

VERSUS

18TH JUDICIAL DISTRICT COURT

VANNESS ALLEN, MIDSTREAM
TRANSPORTATION COMPANY
AND HARTFORD FIRE INSURANCE
COMPANY

PARISH OF IBERVILLE

STATE OF LOUISIANA

<u>VERIFICATION</u>

STATE OF _____

COUNTY/PARISH OF _____

BEFORE ME the undersigned notary public, personally came and appeared

_____, as an authorized corporate representative of MIDSTREAM

TRANSPORTATION COMPANY, defendant in the above captioned matter, who after being duly

sworn did state that he/she has read the responses to the First Set of Interrogatories and Requests for

Production of Documents which were propounded by and that said responses are true to the best of

his/her knowledge, information and belief.

_____
MIDSTREAM TRANSPORTATION COMPANY

Sworn to and subscribed before me, Notary Public, on this _____ day of _____, 2022.

_____
NOTARY PUBLIC

RECEIVED

JUN 0 9 2022

E.B.R. SHERIFF'S OFFICE

**Sid J. Gautreaux**
**Sheriff East Baton Rouge Parish**

Clerk of Court  Iberville Parish
P.O. Box 231

Plaquemine, LA  70764-0231

**DISTRICT COURT**
For the Parish of East Baton Rouge
6/9/2022

---

Case: (24) **81599**        ALBERTHA MATTHEWS ET AL vs VANNESS ALLEN ET AL
1,768,417

| Nbr | Date | Service Type | Charges |
|---|---|---|---|
| 1 | 06/09/2022 | Citation<br>; 1 SOS; BATON ROUGE, LA 70809 | $28.92 |
| 1 | 06/09/2022 | Mileage Charge | $9.36 |

|  | Case Total: | **$38.28** |
|---|---|---|

| **Total:** | **$38.28** |
|---|---|

---

Please make check payable to:
Sid J. Gautreaux, Sheriff
P.O. Box 3277
Baton Rouge, LA 70821

PLEASE RETURN THIS BILL WITH CHECK

# CITATION

**ALBERTHA MATTHEWS, ET AL**

**Versus**

**VANNESS ALLEN, ET AL**



**RETURN**

*Case: 081599*
*Division: B*
18th *Judicial District Court*
*Parish of Iberville*
*State of Louisiana*

---

**The State of Louisiana and said Court to:**
**HARTFORD FIRE INSURANCE COMPANY**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

> You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ Certified Copy of Original Petition  ☐ Certified Copy of Amended Petition  ☒ Discovery Request

> You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

> A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

> If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

> B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

> C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

> A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

*WITNESS THE HONORABLE TONYA S. LURRY, JUDGE OF SAID COURT, this 31ST day of MAY, 2022.*

RECEIVED

JUN 0 9 2022

E.B.R SHERIFF'S OFFICE

BY: *Macey George*

*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

---

### Service Information

*Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:*
**Personal Service** *on the party herein named _____.*
**Domiciliary Service** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned:*

Parish of _____ 2022 JUN 23 P 12: 53      this _____ day of _____, 20_____.

Service  $ _____

Mileage  $ _____      By: _____

*Deputy Sheriff*

Total  $ _____

I made service on the named party through the Office of the Secretary of State on

**JUN 1 0 2022**

by tendering a copy of this document to:
**JULIE NESBITT**

[ RETURN COPY ]      **DY. M. LOCKWOOD #0903**

Deputy Sheriff, Parish of East Baton Rouge, LA

# CITATION

| | | |
|---|---|---|
| ALBERTHA MATTHEWS, ET AL | | Case: 081599 |
| | | Division: B |
| Versus | **RETURN** | 18th Judicial District Court |
| | | Parish of Iberville |
| VANNESS ALLEN, ET AL | | State of Louisiana |

The State of Louisiana and said Court to:

I made service on the named party through the

VANNESS ALLEN
THROUGH THE NON-RESIDENT MOTORIST
ACT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

Office of the Secretary of State on

JUN 1 0 2022

by tendering a copy of this document to:

JULIE NESBITT

DY. M. LOCKWOOD #0903

Deputy Sheriff, Parish of East Baton Rouge, LA

*You are named as a defendant in the above captioned matter. Attached to this citation is a:*

☒ Certified Copy of Original Petition ☐ Certified Copy of Amended Petition ☒ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleading in the office of the Clerk of the Eighteenth Judicial District Court in the Iberville Parish Court House in the City of Plaquemine in said Parish within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original. Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

WITNESS THE HONORABLE *TONYA S. LURRY, JUDGE OF SAID COURT,* this 31ST day of MAY, 2022.

RECEIVED

JUN 0 9 2022

E.B.R. SHERIFF'S OFFICE

BY: Macey George

*Deputy Clerk of Court*

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

## Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service. Returned: _____

| Parish of | _____ this _____ day of _____, 20____. |
|---|---|
| Service | $_____ |
| | By: _____ |
| Mileage | $_____    *Deputy Sheriff* |

**[ RETURN COPY ]**

*Total*   $ _____

[ RETURN COPY ]