UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**ALBERTHA MATTHEWS AND**  **CIVIL ACTION NO.**
**CHADRICK STEPTEAU**

**VERSUS**

**22-452-SDD-EWD**

**VANNESS ALLEN, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages by Albertha Matthews ("Matthews") and Chadrick Stepteau ("Stepteau") (collectively, "Plaintiffs") based upon the injuries they allegedly sustained on June 8, 2021 due to a motor vehicle accident that occurred in Iberville Parish, Louisiana (the "Accident").[1] Plaintiffs allege that the Accident was caused when Matthews' vehicle, in which Stepteau was riding as a passenger, was struck by the vehicle driven by Defendant Vanness Allen ("Allen"), and owned by Allen's employer, Midstream Transportation Company ("Midstream").[2] On May 26, 2022, Plaintiffs filed their Petition for Damages ("Petition") in the Eighteenth Judicial District Court for the Parish of Iberville against Allen, Midstream, and Hartford Fire Insurance Company ("Hartford"), the insurer of the vehicle driven by Allen.[3] Plaintiffs contend that they suffered personal injuries as a result of the Accident, caused by the negligence of Allen, who was driving while in the course and scope of his employment with Midstream.[4] On July 8, 2022, the matter was removed by Allen and Hartford ("Defendants") to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C.

---

[1] R. Doc. 1-2, p. 6, ¶ 4.
[2] R. Doc. 1-2, pp. 6-7, ¶¶ 4-6, 9-11.
[3] R. Doc. 1-2, p. 5, p. 9, ¶ 18, and p. 10.
[4] R. Doc. 1-2, pp. 5-9, ¶¶ 3, 8-17.

§ 1332.[5]  However, as explained below, the Notice of Removal is deficient in its allegations regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that Plaintiffs are citizens of Louisiana; Allen is a citizen of Texas; Hartford is a Connecticut corporation with its principal place of business in Connecticut; and Midstream is a partnership with two individual partners who are citizens of Texas.[6]  Therefore, the parties appear to be diverse.

However, it is not clear from the Petition or the Notice of Removal whether either Plaintiff's claim likely exceeds $75,000, exclusive of interest and costs.[7]  The Petition generally asserts that each Plaintiff has "sustained personal injuries."[8]  Matthews alleges injuries to her neck, back, shoulder and right knee, and Stepteau alleges injuries to his back, neck, and head.[9]  In connection with these injuries, each Plaintiff seeks damages for past, present, and future: physical and mental pain and suffering, loss of enjoyment of life, loss of wages and wage earning capacity, and medical expenses.[10]

---

[5] R. Doc. 1, ¶ 9, 23.
[6] R. Doc. 1, ¶¶ 11-15 and see R. Doc. 1-2, p. 5, introductory paragraph and ¶ 1.
[7] See 28 U.S.C. §1332(a).  The general rule is that, in order to satisfy diversity of citizenship jurisdiction, each plaintiff must allege damages that meet the dollar requirement of 28 U.S.C. § 1332(a). *Johnson v. Sentry Select Ins. Co.,* No. CV 17-1626, 2018 WL 4512190, at *5 (M.D. La. July 6, 2018).  However, in *Exxon Mobil Corp. v. Allapattah Services, Inc.*, the United States Supreme Court held that a federal court sitting in diversity may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over additional plaintiffs who fail to satisfy the amount in controversy requirement, as long as the other elements of diversity jurisdiction are present, at least one named plaintiff satisfies the amount in controversy requirement, and the additional plaintiffs' claims are part of the same case or controversy as those of the plaintiff(s) who allege a sufficient amount in controversy. *Johnson,* 2018 WL 4512190, at *6, citing 545 U.S. 546, 549 (2005).  Accordingly, Defendants have to establish that at least one of the Plaintiff's damages satisfies the amount in controversy requirement.
[8] R. Doc. 1-2, pp. 5-6, ¶¶ 3, 6, 8.
[9] R. Doc. 1-2, pp. 7-8, ¶¶ 12, 14.
[10] R. Doc. 1-2, pp. 8-9, ¶¶ 13, 15.

To support their assertion that either Plaintiff's damages likely exceed to $75,000, exclusive of interest and costs, Defendants rely on the damages claimed in the Petition referenced above, *i.e.*, past, present and future physical pain and suffering; the lack of an La. C.C.P. art. 893 allegation; the fact that Plaintiffs have not filed a binding stipulation limiting their recovery to $75,000; and the following allegation: "Upon information and belief both plaintiffs have undergone diagnostic testing and have been referred to pain management with various spine complaints. Further, upon information and belief, both plaintiffs have been seen by a psychologist relating to post-traumatic stress disorder they have allegedly suffered as a result of the subject accident."[11]

The foregoing does not provide enough information to determine if either Plaintiff's claims will likely exceed $75,000, exclusive of interest and costs. First, Plaintiffs' general allegations in the Petition of "personal injuries" and demands for general categories of damages (*e.g.*, past and future physical and mental pain, medical expenses, and lost wages) are insufficient to establish the amount in controversy.[12] Moreover, "[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[13]

---

[11] R. Doc. 1, ¶¶ 18-22.
[12] Even allegations of permanent disability, which are not alleged here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement. *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case. *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries. Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").
[13] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.

While the Petition generally identifies injuries to Matthews' neck, back, shoulder and right knee, and to Stepteau's back, neck, and head,[14] and the Notice of Removal generally alleges that Plaintiffs "have undergone diagnostic testing...have been referred to pain management with various spine complaints…[and] have been seen by a psychologist…,"[15] these allegations, standing alone, fail to establish that the amount in controversy requirement is met.  First, allegations in the Notice of Removal are not "summary judgment-type evidence" that is required to establish amount in controversy where, as here, it is not facially apparent.[16] There is no evidence of the actual injuries suffered by Plaintiffs in the identified areas, nor is there evidence of the nature or duration of Plaintiffs' medical treatment, including whether Plaintiffs actually engaged in any pain management treatment, the amount of medical expenses Plaintiffs have incurred thus far, or Plaintiffs' prognosis and recommended future treatment.  Defendants have not offered any specific medical information regarding Plaintiffs' injuries, treatment, prognosis, and expenses in support of the amount in controversy.  There is also no evidence of any settlement demands, discovery responses, or relevant documents produced in discovery that would bear on the amount in controversy, nor does the Petition demand a jury trial.[17]  Finally, while the lack of an La. C.C. P. art. 893 statement and the lack of a binding stipulation are factors to consider, standing alone they

---

[14] R. Doc. 1-2, pp. 7-8, ¶¶ 12, 14.
[15] R. Doc. 1, ¶ 20.
[16] While "summary judgment-type evidence" can be considered in support of removal (*see, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted)), counsel's arguments or statements in briefs are not "summary judgment-type evidence."
[17] While a jury trial demand by Plaintiffs would not be dispositive of the amount in controversy, it would be another piece of information to consider.  *See, e.g., Batiste v. Stryker Corp.*, No. 19-574, 2020 WL 2245845, at *4 (M.D. La. April 22, 2020), *report and recommendation adopted*, No. 19-574, 2020 WL 2296892 (M.D. La. May 7, 2020) ("While this Court has repeatedly held that a demand for jury trial and a lack of Article 893 allegation are insufficient alone to establish amount in controversy, they are factors to be considered.")(citation omitted).

are not determinative of the amount in controversy.[18] Defendants have not yet met their burden of establishing that the amount in controversy is satisfied.[19]

Although Plaintiffs have not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[20]

Accordingly,

---

[18] *See Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), *report and recommendation adopted*, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("As an initial matter, there is no indication that Defendant ever requested that Plaintiff execute a stipulation regarding the amount in controversy prior to removal. Even assuming, *arguendo*, that Plaintiff actually refused to stipulate that the amount in controversy was less than $75,000 prior to removal, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (citations omitted). *See also Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at * 2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However, Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied."). *See also Ford v. State Farm Mut. Auto. Ins. Co.*, No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).").

[19] As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002)). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. In keeping with the spirit of the fifth Circuit's admonition against protective removals, Defendants are advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), *report and recommendation adopted sub nom., Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).

[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

5

**IT IS ORDERED** that, on or before **July 26, 2022,** Defendants Vanness Allen and Hartford Fire Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that, on or before **August 9, 2022,** Plaintiffs Albertha Matthews and Chadrick Stepteau shall file either: (1) a Notice stating that Plaintiffs do not dispute that Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[21]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, July 12, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiffs' position on whether Defendants have established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).