## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**ALBERTHA MATTHEWS , ET AL.**                    **CIVIL ACTION NO.**

**VERSUS**

                                                   **22-452-SDD-EWD**

**VANNESS ALLEN, ET AL.**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 27, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**ALBERTHA MATTHEWS, ET AL.**                          **CIVIL ACTION NO.**

**VERSUS**

                                                       **22-452-SDD-EWD**

**VANNESS ALLEN, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand ("Motion"), filed by Albertha Matthews ("Matthews") and Chadrick Stepteau ("Stepteau") (collectively, "Plaintiffs").[1] Because removing defendants Vanness Allen ("Allen") and Hartford Fire Insurance Company ("Hartford") have not established the requisite amount in controversy, it is recommended[2] that the Motion be granted, and that this matter be remanded to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.

I.     **BACKGROUND**

This is a civil action involving claims for damages by Plaintiffs based upon the injuries they allegedly sustained on June 8, 2021 due to a motor vehicle accident that occurred in Iberville Parish, Louisiana (the "Accident").[3] Plaintiffs allege that the Accident was caused when Matthews' vehicle, in which Stepteau was riding as a passenger, was struck by the vehicle driven by Allen, and owned by Allen's employer, Midstream Transportation Company ("Midstream").[4] On May 26, 2022, Plaintiffs filed their Petition for Damages ("Petition") in the Eighteenth Judicial District Court for the Parish of Iberville against Allen, Midstream, and Hartford, the insurer of the

---

[1] R. Doc. 12.
[2] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[3] R. Doc. 1-2, p. 6, ¶ 4.
[4] R. Doc. 1-2, pp. 6-7, ¶¶ 4-6, 9-11.

vehicle driven by Allen.[5]  Plaintiffs contend that they suffered personal injuries as a result of the Accident, caused by the negligence of Allen, who was driving while in the course and scope of his employment with Midstream.[6]  On July 8, 2022, the matter was removed by Allen and Hartford ("Defendants") to this Court, on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[7]  However, as set forth in the Court's briefing July 12, 2022 briefing Order, the Notice of Removal was deficient in its allegations of the amount in controversy.[8]

In compliance with the briefing Order, Defendants filed their Supplemental Memorandum in Support of Notice of Removal ("Memorandum").[9]  In response, Plaintiffs filed the instant Motion, contending that Defendants have failed to establish the requirements of 28 U.S.C. §1332.[10] Defendants opposed the Motion, and Plaintiffs filed a reply.[11]

## II.    Law and Analysis

### A.  Legal Standard for Removal

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[12]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[13]  Subject matter jurisdiction must exist at the time of removal to federal court, based on

---

[5] R. Doc. 1-2, p. 5, p. 9, ¶ 18, and p. 10.
[6] R. Doc. 1-2, pp. 5-9, ¶¶ 3, 8-17.
[7] R. Doc. 1, ¶ 9, 23.
[8] R. Doc. 4.  The Notice of Removal properly alleged that the parties are completely diverse, as Plaintiffs are alleged to be citizens of Louisiana; Allen is alleged to be a citizen of Texas; Hartford is alleged to be a Connecticut corporation with its principal place of business in Connecticut; and Midstream is alleged to be a partnership with two individual partners who are citizens of Texas. R. Doc. 1, ¶¶ 11-15 and *see* R. Doc. 1-2, introductory paragraph.
[9] R. Doc. 10.
[10] R. Doc. 12.
[11] R. Docs. 14, 19.
[12] 28 U.S.C. § 1441(a).
[13] 28 U.S.C. § 1332(a)-(a)(1).

the facts and allegations contained in the complaint.[14]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[15]  The removing party has the burden of proving federal diversity jurisdiction.[16]  Remand is proper if at any time the court lacks subject matter jurisdiction.[17]  The Court has a duty to raise the issue of jurisdiction *sua sponte*.[18]

### B.   Defendants Have Failed to Establish that the Amount in Controversy Likely Exceeds $75,000, Exclusive of Interest and Costs

Louisiana law prohibits plaintiffs from specifying the amount of damages in their state court petitions.[19]  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[20] The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[21]  Once a removing defendant has established, by a preponderance, that the amount in controversy exceeds the federal jurisdictional amount, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."[22]

---

[14] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[15] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubt about the propriety of removal must be resolved in favor of remand."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

[16] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[17] *See* 28 U.S.C. § 1447(c).

[18] *Richard v. USAA Casualty Insurance Company,* No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017), citing *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012).

[19] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[20] *Luckett*, 171 F.3d at 298, citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[21] *Luckett*, 171 F.3d at 298, quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[22] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The Petition generally asserts that each Plaintiff "sustained personal injuries."[23]  Matthews alleges injuries to her neck, back, shoulder and right knee, and Stepteau alleges injuries to his back, neck, and head.[24]  In connection with these injuries, Plaintiffs seek damages for past, present, and future: physical and mental pain and suffering, loss of enjoyment of life, loss of wages and wage earning capacity, and medical expenses.[25]  Plaintiffs' general allegations in the Petition of "personal injuries" and demands for general categories of damages (*e.g.*, past and future physical and mental pain, medical expenses, and lost wages) are insufficient to establish the amount in controversy.[26]  Moreover, "[c]ourts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[27]  Nor does the Petition provide any information regarding Plaintiffs' claimed medical expenses or lost wages. "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the

---

[23] R. Doc. 1-2, pp. 5-6, ¶¶ 3, 6, 8.

[24] R. Doc. 1-2, pp. 7-8, ¶¶ 12, 14.

[25] R. Doc. 1-2, pp. 8-9, ¶¶ 13, 15.

[26] Even allegations of permanent disability, which are not alleged here, standing alone with no specification as to the affected body part(s), do not establish that a plaintiff's claims are likely to satisfy the amount in controversy requirement.  *See Heaverlo v. Victoria's Secret Stores, LLC*, No. 07-7303, 2008 WL 425575, at *3 (E.D. La. Feb. 8, 2008) ("Although Mrs. Heaverlo alleges permanent disability, that allegation is not sufficient for the Court to retain this case.  *In Palmer v. Wal–Mart Stores, Inc.,* No. Civ. A. 95–1723, 1996 WL 20862, at *1 (E.D. La. Jan. 17, 1996), the court granted plaintiff's motion to remand even when plaintiff alleged that she sustained severe and possibly permanent injuries, because her allegations were 'fairly 'vanilla'' and did not reveal the extent of her injuries.  Mrs. Heaverlo's allegations are similarly commonplace. Given the accident described in the petition and the lack of evidence as to plaintiffs' likely damages, the Court finds that defendants have not satisfied their burden of showing by a preponderance of the evidence that more than $75,000 was in controversy at the time of removal.").

[27] *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cited cases.

amount of damages would exceed $75,000."[28] Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that either Plaintiff's damages will exceed the federal jurisdictional amount, the Court must next consider whether Defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this case is likely to exceed $75,000. The Notice of Removal relies on the foregoing allegations in the Petition and generally alleges that, "Upon information and belief both plaintiffs have undergone diagnostic testing and have been referred to pain management with various spine complaints. Further, upon information and belief, both plaintiffs have been seen by a psychologist relating to post-traumatic stress disorder they have allegedly suffered as a result of the subject accident."[29]  As noted in the briefing Order, these allegations fail to establish that the amount in controversy requirement is met.  First, they are not "summary judgment-type evidence" that is required to establish the amount in controversy where, as here, it is not facially apparent. Additionally, vague references of diagnostic testing and pain management for spine complaints is not enough evidence to show that amount in controversy is met.[30]  Defendants' Memorandum and Opposition provide additional information regarding Plaintiffs' injuries, including medical records, and also rely on Plaintiffs' refusal to execute a stipulation that they will not accept an

---

[28] *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000), citing *Simon*, 193 F.3d at 851.  *See also Torres v. Mall of Louisiana, LLC*, No. 17-466, 2017 WL 6884347, at *3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages.  Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, No. 17-414, 2017 WL 5762436, at *3 (M.D. La. Aug. 24, 2017) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."), quoting *Davis*, 2012 WL 278728, at *3.
[29] R. Doc. 1, ¶ 20.
[30] R. Doc. 4, p. 4. While "summary judgment-type evidence" can be considered in support of removal (*see, Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted)), counsel's arguments or statements in briefs are not "summary judgment-type evidence."

award of damages exceeding $75,000; the lack of an La. C.C.P. art. 893 statement in the Petition stating that Plaintiffs' damages do not exceed $75,000; and state court cases regarding the amount in controversy and damage awards for personal injuries.[31]

The Memorandum and Opposition attach the same set of medical records.[32] However, Plaintiffs' injuries and treatment as documented in the records submitted are not sufficient evidence to meet the jurisdictional threshold, particularly considering that *there are no documented past medical expenses for either Plaintiff*, so the amount of past medical expenses for Plaintiffs is unknown.

As related to Matthews, x-rays taken on the date of the Accident revealed no broken bones, and Matthews was released from the hospital with medication.[33] Three MRI reports dated July 13, 2021 and July 21, 2021 indicate that Matthews' primary medical issue involves five bulging cervical discs, two of which are herniated, three bulging lumbar discs, and a cyst and a tear in the tendon of her right knee.[34] On July 21, 2021, Matthews visited clinical psychologist Dr. Tramontana, and he diagnosed her with acute post-traumatic stress disorder and unspecified anxiety disorder and recommended that she receive psychotherapy, but there are no records of any further visits.[35] On August 23, 2021 Matthews visited pain management specialist Dr. Turnipseed, and it reflects that she reported neck and back pain with ratings of 6 and 7 on a scale of 10.[36]

---

[31] R. Docs. 10 through 10-5 and R. Docs. 14 and 14-4 and *see* the Notice of Removal at ¶ 22 (also alleging that Plaintiffs would not execute a binding stipulation).

[32] *See* R. Doc. 1, ¶ 20, reproduced *above* and *see* R. Doc. 10-1 through 10-5 (medical records attached to the Memorandum) and R. Doc. 14-4 through 14-8 (same medical records attached to Opposition).

[33] There are no records of Matthews' hospital visit on the date of the Accident. However, the records of Matthews' and Stepteau's initial evaluations with clinical psychologist Joseph Tramontana, Ph.D and with pain management specialist Joseph Turnipseed, M.D reflect that they reported this information. R. Doc. 10-2, p. 1, R. Doc. 10-3, p. 1 and R. Doc. 10-5, p. 1.

[34] R. Doc. 10-1, pp. 1-4 and *see* R. Doc. 14, p. 5.

[35] R. Doc. 10-3, p. 5. Matthews denied, and Dr. Tramontana did not diagnose, depression. R. Doc. 10-3, pp. 2- 3. Matthews reported her pain level as a 4 out of 10 at its lowest, and a 7 or 8 on a scale of 10 at its worst. R. Doc. 10-3, p. 2.

[36] R. Doc. 10-2, p. 1.

Matthews was recommended for an epidural steroid injection; however, there is no indication that Matthews had the injection.[37] Tramontana and Turnipseed's records indicate that Matthews received chiropractic care from Dr. Rathmann, but there are no records of chiropractic visits in the record.[38] There was no surgery recommendation for Matthews at the time of removal, nor is there a surgical recommendation in the medical records submitted.

Stepteau did not visit the emergency room on the day of the Accident but instead visited an urgent care clinic for lower back pain, where he was x-rayed and released with medication.[39] During his September 19-20, 2021 psychological evaluation with Dr. Tramontana, Stepteau reported that he received a cut on his arm and "injured his back a little bit" in the Accident, which had gotten "a little bit better" due to physical therapy with Dr. Rathmann (of which there are no records).[40] Notably, Dr. Tramontana stated that Stepteau "was not seriously injured" in the Accident.[41] Dr. Tramontana diagnosed Stepteau with major depressive disorder, generalized anxiety disorder, acute stress reaction and recommended psychotherapy; however, Stepteau's test results indicated only mild depression and mildly elevated anxiety.[42] There are no records of further visits with Dr. Tramontana.[43] On October 6, 2021, Stepteau visited Dr. Turnipseed for back pain, and reported an average pain level of 5 out of 10. Dr. Turnipseed recommended lumbar facet injections, to which Stepteau agreed, but there are no records showing Stepteau had the

---

[37] R. Docs. 10-2, pp. 1-3 and *see* R. Doc. 14, p. 5. Turnipseed's records also indicate that Matthews intended to see an orthopedist for her knee; however there are no records documenting such visits. R. Doc. 10-2, pp. 1, 3.

[38] R. Doc. 10-2, p. 1 and R. Doc. 10-3, p. 1 (referrals from Thomas Rathmann, M.D., Plaintiffs' chiropractor) and *see* R. Doc. 10-1, pp. 1-4 (MRI referrals from Rathmann).

[39] R. Doc. 10-4, p. 1.

[40] R. Doc. 10-5, p. 1. During his evaluation, Stepteau reported a then-current pain level of 3 out of 10, which at its worst could reach a 6 or 7 out of 10 when he picks up heavy objects. R. Doc. 10-5, p. 2.

[41] R. Doc. 10-5, p. 4.

[42] R. Doc. 10-5, p. 3.

[43] R. Doc. 10-5, p. 4.

injections or any other visits.  There are no MRI results in the record for Stepteau, so the etiology of his back pain is unclear.[44]

While Defendants correctly note that only one named plaintiff's damages must exceed the jurisdictional threshold,[45] the evidence submitted is insufficient to reach the jurisdictional threshold for either Plaintiff.  There is ample authority from this Court and others in this Circuit, which has found that removing defendants failed to establish the jurisdictional threshold when alleging similar injuries and treatment.[46]  In *Cole,* this Court noted: "Several recent federal court decisions have held that the removing defendant did not meet its burden of [proving] the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal."[47]  Even for herniated discs,

---

[44] R. Doc. 10-4 and *see* R. Doc. 14, p. 5.

[45] R. Doc. 14, p. 3 (and R. Doc. 10, p. 1), citing *Exxon Mobile Corp., v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

[46] *See, e.g., Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561, at *6 (M.D. La. Mar. 15, 2017), report and recommendation adopted, No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) (holding that the plaintiff's medical expenses of $7,318 at the time of removal, with the possible additional cost of an MRI, physical therapy, and a recommendation for epidural steroid injections, along with several lumbar disc bulges, was not sufficient for federal jurisdiction).  *See McFarland v. Nat'l Interstate Ins. Co.,* No. CV 21-314-JWD-EWD, 2021 WL 5629263, at *3-8 (M.D. La. Nov. 15, 2021), report and recommendation adopted, No. CV 21-314-JWD-EWD, 2021 WL 5629229 (M.D. La. Nov. 30, 2021) (remanding motor vehicle accident case where the plaintiff hit her head on the steering wheel and received lacerations, had bulging and herniated discs with neck, back, and knee pain, received conservative treatment and a recommendation for an ESI (but not surgery), had only $4,501 in past medicals, had no evidence of lost wages, and refused to execute a stipulation).

[47] *Cole*, 2017 WL 1682561, at *5, citing *Barrow v. James River Insurance Company*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at the time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and bilateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed).

"[t]his court recognizes that '[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended.'"[48] "Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other factors in the record."[49] As Plaintiffs' records do not reflect any medical expenses at all, and only indicate conservative treatment for bulging and herniated discs and knee pain as to Matthews, and generalized back pain as to Stepteau, the jurisdictional threshold is not met based on the evidence submitted as to Plaintiffs' injuries and treatment.[50]

Defendants' reliance on five Louisiana state court cases, with general damage awards of $65,000 to $235,000, are distinguishable because each of those cases was tried.[51] There cannot be

---

[48] *Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), report and recommendation adopted, No. 15-394, 2016 WL 1337655 (M.D. La. Apr. 1, 2016), citing *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D. La. Apr. 28, 2011), report and recommendation adopted, 2011 WL 2937952 (M.D. La. July 14, 2011).

[49] *Thomas*, 2016 WL 1317937 at *4. *See also id.* at *4, citing *Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4–5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"). *See also Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417, *3 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiffs in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and/or "herniated lumbar disc [or] segmental lumbrosacral instability" and were potential surgical candidates and plaintiffs stipulated that their damages did not individually exceed $50,000).

[50] *See Shelton v. Hallmark Trucking Ins. Co.,* No. CV 17-1683-BAJ-EWD, 2018 WL 1998341, at *3 (M.D. La. Mar. 27, 2018), report and recommendation adopted sub nom. *Shelton v. Hallmark Specialty Ins. Co.,* No. CV 17-01683-BAJ-EWD, 2018 WL 1997543 (M.D. La. Apr. 27, 2018) (remanding case where the plaintiff had multiple disc bulges and possibly a disc herniation, $9,654 in medicals, underwent conservative treatments, and had recommendations for referrals to an interventional pain specialist and neurosurgeon, as well as for cervical and lumbar epidural steroid injections). *See also Cole,* 2017 WL 1682561, at *5 and cited cases, *supra.*

[51] R. Doc. 10, p. 3 and R. Doc. 14, pp. 5-6 citing *Giglio v. ANPAC Louisiana Ins. Co*., 20-CA-209, 309 S. 3d 416 (La. App. 5 Cir. 12/23/20) (increasing general damage award of $25,000 to $65,000 to a plaintiff with bulging and herniated disks, in addition to other damage awards). The parties debate *Giglio* as regards the amount of general damages awarded versus the overall damage award, and its holdings regarding the highest and lowest possible awards (R. Doc. 12-1, p. 3, R. Doc. 14, p. 6, R. Doc. 19, pp. 1-2); however, *Giglio*'s damage awards related to the injuries of the plaintiff in that case, and thus have no bearing on the amount in controversy in this case. The other cases cited by Defendants are state district court decisions that are not reported in the online legal databases, *e.g.,* Westlaw, and copies were not provided by Defendants. However, Defendants contend that they were all tried. As such, they are not helpful to the resolution of the amount in controversy in this case. R. Doc. 10, pp. 4-5 and R. Doc. 14, pp. 5-6 citing *Dewhirst v. Sewerage and Water Board of New Orleans*, 2015-07551 (C.D.C. 12/06/18); *Untereiner v. United Services Automobile Association*, 2016-12194 (22nd JDC 11/27/18); *Dunigan v. Louisiana Farm Bureau Cas. Ins. Co.,* 117,273 (23rd JDC 04/08/19) and *Zatarain v. Burt*, 115,450, 116,420 (23rd JDC 8/17/2018).

9

a meaningful comparison of this case to those cases for the purposes of determining whether the jurisdictional threshold is met because the relevant information regarding Plaintiffs' injuries and damages is unknown.[52] As noted by one court, Defendants "must do more than merely show that plaintiff could recover more than the jurisdictional amount" to satisfy its burden.[53] "The Defendant must point to facts **in this case** that establish that the actual amount in controversy exceeded $75,000."[54]

Defendants allege that Plaintiffs are incorrect in their understanding of the removal standard.[55] However, Plaintiffs correctly assert that it is Defendants' burden to prove, by a preponderance, that [at least one] Plaintiffs' damages are likely to exceed the jurisdictional minimum.[56] Plaintiffs also correctly assert that the amount in controversy is not facially apparent from the Petition, and further, the evidence submitted by Defendants fails to sustain their burden.[57]

---

[52] *See Silva v. Hartford Ins. Co. of the Midwest,* No. 15-5844, 2016 WL 4501288, at *5 (E.D. La. Aug. 29, 2016)("Overall, Defendant's argument that the amount in controversy is satisfied by citing two Louisiana state court cases with highly individualized facts different from the facts at issue here is unconvincing. Because the fact finder has discretion in determining an appropriate amount of damages based upon the facts of each individual case, monetary awards in previous cases are not sufficient to meet Defendant's burden of establishing that the amount of controversy here is greater than $75,000. The Defendant must point to facts in this case that establish that the actual amount in controversy exceeded $75,000. Moreover, the damages awards cited by Defendant are based on the entire record after trial, whereas subject matter jurisdiction determinations must only be based on the jurisdictional facts that exist at the time of removal. This point is especially salient when the Plaintiff's particular alleged injury cannot be broadly generalized and compared across different plaintiffs with 'similar' injuries, and when such an injury can result in widely ranging damages awards that do not always satisfy the amount in controversy requirement.").

[53] *Silva,* 2016 WL 4501288, at *5. *See also Barrow,* 2017 WL 656725, at *3 (accord).

[54] *Id.* (emphasis added). Matthews' psychologist records reflect that Matthews reported hitting the trailer of Allen's 18-wheeler, which caused her car to spin several times and then land on a railing by a levee. Matthews says she was knocked unconscious but intermittently regained consciousness on the way to the hospital. R. Doc. 10-3, p. 1 and R. Doc. 10-5, p. 1. Matthews reported that the car was "totaled, especially on her side." R. Doc. 10-3, p. 1. It should be noted that the statements regarding loss of consciousness conflict with Matthews' medical records, which state there was no loss of consciousness. R. Doc. 14-5, p. 1. Further, despite these allegations, and as explained, there are no records reflecting any medical expenses for either Plaintiff, nor is there any evidence of property damage or lost wages. Matthews underwent x-rays and was given medication and released after an emergency room visit the date of the Accident, calling into question the severity of any loss of consciousness. *See* R. Doc. 10-2, p. 1.

[55] R. Doc. 14, pp. 2-4.

[56] R. Doc. 12-1, p. 2 and R. Doc. 19, p. 1.

[57] R. Doc. 12-1, p. 2 ("It is hardly apparent from Plaintiffs Petition that either of their damages exceed $75,000.") and p. 3 ("Although the Defendants provided this Court with medical records indicating more specifically the injuries sustained by the Plaintiffs, the Defendants failed to establish that the value for these injuries exceed $75,000."), as well as R. Doc. 19, p. 2 ("…the defendants' arguments that the medical specials in this matter will increase the award

As noted in the Court's briefing Order, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, *it is the removing defendant's responsibility to discover those facts before effecting removal*. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'"[58] Defendants should have engaged in relevant discovery regarding the amount in controversy prior to removing this case. This Court has addressed this issue with litigants in the past and has remanded cases such as this one, where the removing defendants failed to conduct the necessary discovery prior to removal and subsequently failed to sustain their burden of establishing the amount in controversy.[59]

Finally, and as pointed out in the briefing Order, the lack of an La. C.C.P. art. 893 allegation and Plaintiffs' refusal to stipulate to damages of less than $75,000 are some evidence to be considered, but are not alone dispositive of the amount in controversy.[60] In this case, the lack of

---

beyond the $75,000 threshold is nonconsequential, as they presented no summary judgment type evidence (or any evidence) of the medical specials in this case.").

[58] R. Doc. 4, p. 5, n. 19 citing *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017) quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). *See also Nordman v. Kansas City Southern Railway Co.*, No. 08-2025, 2009 WL 976493, at *3 (W.D. La. April 9, 2009) ("This court has historically demanded that removing defendants promptly satisfy their burden of establishing by a preponderance of the evidence the requisite amount in controversy. Otherwise, the case is swiftly remanded. The court has also long discouraged premature or protective removals of cases in which the amount in controversy is in doubt because of vague pleadings about 'serious' but unspecified injuries and the like. Those protective removals waste a great deal of time for the parties and the court. To hold that the removal period was triggered in this case by the original petition would be contrary to that policy, encourage wasteful protective removals, and be inconsistent with the rules and policy set forth in *Chapman* and related Fifth Circuit decisions.").

[59] *See, e.g., McFarland*, 2021 WL 5629263, at *5; *Autin v. Cherokee Ins. Co.*, No. 20-528, 2020 WL 7974292, at *1 (M.D. La. Dec. 7, 2020), report and recommendation adopted, No. 20-528, 2021 WL 41073 (M.D. La. Jan. 5, 2021).
[60] R. Doc. 10, p. 5, n. 3, R. Doc. 14, pp. 1-2 and R. Doc. 14-2. Plaintiffs' refusal to stipulate does not automatically mean that Plaintiffs "must believe the amount in controversy is in excess of $75,000" as urged by Defendants. R. Doc. 10, p. 5, n. 3. *See Rodney v. Waffle House, Inc.*, No. 18-481, 2018 WL 6829041, at *8 (M.D. La. Oct. 22, 2018), report and recommendation adopted, No. 18-481, 2018 WL 10809995 (M.D. La. Dec. 18, 2018) ("As an initial matter, there is no indication that Defendant ever requested that Plaintiff execute a stipulation regarding the amount in controversy prior to removal. Even assuming, *arguendo*, that Plaintiff actually refused to stipulate that the amount in controversy was less than $75,000 prior to removal, this Court has explained that a plaintiff is under no legal obligation to sign such a stipulation, and that the failure to stipulate is but one factor that the court may consider when analyzing whether the amount in controversy is present.") (citations omitted). *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311, at *2 (E.D. La. April 2, 2008) ("State Farm emphasizes both in the notice of removal and in its opposition that Plaintiffs did not file a pre-removal binding stipulation regarding the amount in controversy. However,

an La. C.C.P. art. 893 allegation and a stipulation are insufficient to sustain Defendants' burden in light of the lack of information regarding Plaintiffs' medical expenses and conservative past treatment with no evidence of ongoing or future treatment.[61]

The amount in controversy is not facially apparent from the Petition, and Defendants have not met their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[62]  Because this Court is required to presume that it lacks subject matter jurisdiction,[63] any doubt as the existence of subject matter jurisdiction is resolved in favor of remand.[64]  Accordingly, it is recommended that the Motion be granted, and that this matter be remanded to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.[65]

---

Plaintiffs' failure to do so does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied.").  *See also Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403-JVP-CN, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. 2007)(While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration,' it is not, in and of itself, determinative of the amount in controversy.  A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).").

[61] Defendants assert that, prior to filing the instant Motion, Plaintiffs scheduled a Fed. R. Civ. P. 26(f) conference with Defendants, and only filed the instant Motion after the Court issued a show cause order.  According to Defendants, this indicates that Plaintiffs initially did not object to jurisdiction. R. Doc. 14, p. 2 and R. Doc. 14-3.  Even if true, this argument is unavailing because the parties cannot confer jurisdiction by agreement.  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973).

[62] "Because Defendant has not shown by a preponderance of the evidence that the amount in controversy likely exceeds the jurisdictional amount, the Court has no need to consider whether Plaintiffs can show to a legal certainty that they will not be able to recover in excess of that amount."  *Medina v. Allstate Vehicle and Property Insurance Company,* 458 F. Supp.3d 591, 601 (W.D. Tex. May 1, 2020).

[63] *Edwards v. Jackson Hinds Comprehensive Health Center*, No. 17-972, 2018 WL 3653761 (S.D. Miss. June 11, 2018), at *1, quoting *Nixon v. Goldman Sachs Mortg. Corp.*, No. 16-597, 2016 WL 3763425, at **2–3 (N.D. Tex. July 14, 2016) (citing 28 U.S.C. §§ 1331, 1332); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[64] *Gasch*, 491 F.3d at 281-82.  *See also Manguno*, 276 F.3d at 723 ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.").

[65] Plaintiffs' claims in this case assert violations of state law; therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### III.    RECOMMENDATION

The evidence submitted by Defendants in this case in support of subject matter jurisdiction shows that Plaintiffs Albertha Matthews and Chadrick Stepteau have undergone only conservative treatment, with no record of treatment after August 23, 2021 and October 6, 2021, respectively, no surgery recommendations, and no evidence of medical expenses incurred.[66]  There is also no evidence of lost wages or property damage and the cases upon which Defendants rely to establish amount in controversy are unpersuasive. Under these facts, Defendants have not born their burden to establish the Court's subject matter jurisdiction, specifically that either Plaintiff's claims likely exceed $75,000, exclusive of interests and costs.

As doubts about the propriety of removal are resolved in favor of remand, it is **RECOMMENDED** that the Motion to Remand,[67] filed by Plaintiffs Albertha Matthews and Chadrick Stepteau be **GRANTED,** and that this matter be **REMANDED** to the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, December 27, 2022.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[66] *See* R. Doc. 10-1 through 10-5.
[67] R. Doc. 12.